KATHERINE GEARING *vs.* JOHN BERKSON & another.
PERCY A. GEARING *vs.* SAME.

Suffolk. November 29, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Food. Sale,* Of food. *Contract,* Implied. *Sales Act. Negligence,* In sale of unwholesome food.

Under the sales act, St. 1908, c. 237, § 15, as before at common law, if one buying meat at a shop relies on the skill and judgment of the dealer in selecting the meat and it is made known to the dealer that his knowledge and skill are relied on to supply wholesome food, the dealer is liable to the buyer for damages resulting from his supplying unwholesome food. Following *Farrell* v. *Manhattan Market Co.* 198 Mass. 271.

If a wife, acting as the agent of her husband, purchases meat at a shop and in so doing with the knowledge of the dealer relies upon the skill and judgment of the dealer for the selection of wholesome meat, and if the dealer gives to her meat unfit for food upon the eating of which she becomes sick, she cannot maintain against the dealer either an action of contract or an action of tort founded upon the violation of the implied condition of the sale that the food should be wholesome, because the sale was to her husband.

If a dealer in meat undertakes to make a selection of pork chops to fill an order given to him by a woman on behalf of her husband, and selects unwholesome meat, the eating of which makes the woman sick, such selection is not, without more, negligence as a matter of law which would make the dealer liable in an action of tort brought against him by the woman for personal injuries so received and alleged to have been caused by his negligence.

Where a husband successfully has maintained an action of contract against a dealer in meat for damages caused by his being made sick because of eating meat of an unfit and unwholesome character selected by the defendant and delivered to the plaintiff's wife on his behalf, and also has recovered for expenses to which he was put by reason of sickness of his wife resulting from eating some of the same meat, and the wife is unable to recover from the dealer for her injuries in an action of contract, because the sale was not made to her, or in an action of tort, because she is unable to show that the defendant was negligent, neither spouse has a right to recover for the loss of consortium.

TWO ACTIONS OF CONTRACT OR TORT, the plaintiff in the second action being the husband of the plaintiff in the first. The first count in each action recited in substance that the plaintiff Katherine purchased pork chops of the defendants, leaving it to them to make the selection and paying the current price for wholesome

food, and that both plaintiffs ate of the chops and became sick. The second count in the first action sought recovery for loss of consortium due to the sickness of the plaintiff Percy, and the second count in the second action sought to recover both for medical attendance and expenses and for loss of consortium due to the sickness of the plaintiff Katherine. In the first action there was an additional count, added by amendment and called a second count, alleging that the sale of the unwholesome food which caused the plaintiff's sickness was due to negligence of the defendants. Writs in the Municipal Court of the City of Boston dated March 18, 1914.

In the Municipal Court the judge found in substance that on February 5, 1914, the plaintiff Katherine gave an order for the pork chops to the defendant Freshman, in charge of the defendants' business, whose duty it was to wait upon customers and make sales of meat for food; that the selection of the meat was left by her to the defendant Freshman; that Freshman undertook to make selection of the pork chops and to fill the order given by the plaintiff Katherine; that the defendant Freshman from the stock of the defendants selected some pork chops, and weighed and delivered them to the plaintiff Katherine; that she, believing them to be wholesome and fit for food, paid for them at the current and ordinary price for sound, wholesome pork chops, and with due care took them to her house and cooked them; that she and the plaintiff Percy ate of the chops so bought and prepared, and thereby were made sick because of the unwholesome, unsound, poisonous, or unfit quality or condition of the pork chops, and suffered severely in body and mind, and that each plaintiff because of such illness was deprived of the society of the other.

In the first action, it also was found that "there was no negligence shown on the part of the defendants unless the foregoing evidence and findings constitute negligence as matter of law."

In the first action, the trial judge found for the defendant; and also found that, if the plaintiff were entitled to recover, her damages would be $60 "on the first or third count" and $15 on the second count.

In the second action the trial judge found for the plaintiff in the sum of $175 on the first count, and $25 on the second count, of which $10 was for expense and $15 for loss of services and society.

The trial judge reported both cases to the Appellate Division, the first at the request of the plaintiff, and the second at the request of the defendants. The Appellate Division in the first case ordered judgment for the plaintiff in the sum of $60 upon the first count of her declaration, and in the second case ordered judgment for the plaintiff in the sum of $175 upon the first count of his declaration, and $10 upon the second count. The defendants appealed.

*H. Bergson*, for the defendants.

*E. C. Upton*, for the plaintiffs.

DE COURCY, J. The sales act, St. 1908, c. 237, § 15, provides: "Subject to the provisions of this act and of any other statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

"(3) If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed."

Even before the enactment of this statute, it was recognized as the law in this Commonwealth, that where the buyer at a shop relies on the skill and judgment of the dealer in selecting food, and it is made known to the dealer that his knowledge and skill are relied on to supply wholesome food, he is liable if it is not fit to be eaten; while, in case the buyer himself selects provisions, the dealer's implied warranty does not go beyond the implied assertion that he believes the food to be sound. *Farrell* v. *Manhattan Market Co.* 198 Mass. 271.

The application of this rule of law to the facts as found by the trial judge is decisive in the action of Percy A. Gearing. His wife, acting as his agent, left to the defendants the selection of the meat, and paid for it at the current price for sound, wholesome pork chops. See *Hunt* v. *Rhodes Brothers Co.* 207 Mass. 30. The defendant Freshman undertook to make the selection so left to him. The meat was cooked, and was eaten by the plaintiff and his wife, and

both were made sick "because of the unwholesome, unsound, poisonous, or unfit quality or condition of said pork chops." The order of the Appellate Division in this action must be affirmed.

In the action of the wife, Katherine Gearing, the Appellate Division ordered judgment for the plaintiff on the first count of her declaration, and from this the defendants appealed. The count is apparently framed in contract, for breach of an implied warranty or condition of fitness for food. The declaration purports to be "in tort," presumably on the theory that an action of tort may be maintained upon a false warranty. See *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 274, and cases cited. The difficulty with the case on this ground is that there was no contractual relation, and hence no warranty, between Mrs. Gearing and the defendants. The only sale was that made to her husband through her as his agent; and a cause of action in contract accrued to him thereon, as above set forth. The implied warranty, or to speak more accurately the implied condition of the contract, to supply an article fit for the purpose required, is in the nature of a contract of personal indemnity with the original purchaser. It does not "run with the goods." Williston on Sales, § 244. *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. *Roberts* v. *Anheuser Busch Brewing Association,* 211 Mass. 449, 451.

It may be added that Mrs. Gearing's right to recover on her second count, added by amendment, which is in tort for negligence is concluded by the findings of fact against her. The sale apparently was one of "adulterated food" under R. L. c. 75, §§ 16, 18, 24; and the violation of the statute by the defendants presumably was some evidence of negligence. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489, 496. But that is controlled by the finding of the judge, that no negligence in fact was shown on the part of the defendants. In the absence both of an implied warranty and of negligence on the part of the defendants, the action of Mrs. Gearing fails. *Roberts* v. *Anheuser Busch Brewing Association, ubi supra.* *Crocker* v. *Baltimore Dairy Lunch Co.* 214 Mass. 177. *Gately* v. *Taylor,* 211 Mass. 60. *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265.

Consequential damages for loss of consortium cannot be recovered in either case. *Feneff* v. *New York Central & Hudson River Railroad,* 203 Mass. 278. *Bolger* v. *Boston Elevated Rail-*

*way,* 205 Mass. 420.  *Whitcomb* v. *New York, New Haven, & Hartford Railroad,* 215 Mass. 440, 442.  See 16 Columbia Law Review, 122.

In the case of Percy A. Gearing the order of judgment for the plaintiff must be affirmed; and in the case of Katherine Gearing the order of the Appellate Division must be reversed, and judgment entered for the defendants.

*So ordered.*