LILLIAN E. CLEARY *vs.* FIRST NATIONAL STORES INC.

MARGARET F. CLEARY *vs.* SAME.

JOSEPH C. CLEARY *vs.* SAME.

AGNES E. CLEARY *vs.* SAME.

Suffolk.    October 5, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Agency,* Scope of authority, What constitutes. *Negligence,* In sale of food, Of proprietor of store. *Food. Sale,* Warranty. *Evidence,* Admission. *Husband and Wife.*

Statements, made by employees in a store long after the purchase of a can of contaminated food there, to the effect that the can had fallen into water and should not have been put back on the shelf in the store, were not made within the scope of the employees' authority and were not binding upon the proprietor of the store.

A finding of negligence on the part of the proprietor of a retail store in selling a can of contaminated food purchased by him for resale was not warranted where there was no evidence that he had not purchased it from a reputable person or that there was anything in its appearance to indicate that the food was not fit for consumption.

An implied warranty by the proprietor of a store that cocoa purchased there was fit for use as food arose under G. L. (Ter. Ed.) c. 106, § 17 (1), where to the knowledge of the proprietor the purchaser bought the

cocoa as an article of food and relied upon the proprietor's recommendation in buying that particular kind.

The evidence warranted a finding that a married woman living with her husband was acting as a principal and not as an agent of her husband in purchasing food for their household.

FOUR ACTIONS OF CONTRACT OR TORT. Writs dated February 10, 1930.

The actions were tried together in the Superior Court before *Sisk*, J., who ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions. Material evidence is stated in the opinion.

*L. Hamburger*, for the plaintiffs.

*W. J. Day*, for the defendant.

RUGG, C.J. These are actions in tort and in contract, tried together and joined in a single bill of exceptions, to recover compensation for injuries alleged to have been sustained by the several plaintiffs, one being a married woman and the other three her minor children, in consequence of having partaken of cocoa sold by the defendant. At the conclusion of the evidence the mother elected to base her action in contract upon a breach of warranty and the other three plaintiffs elected to proceed in tort. A motion for a verdict for the defendant was allowed in each case.

There was evidence tending to show these facts: Mrs. Cleary, hereafter called the plaintiff, purchased a can of cocoa from the defendant out of money given her by her husband and two of the minor plaintiffs; the latter were then working and turned their wages over to her and she used it to run the house. She had been a customer at this store of the defendant for several months and had cashed her husband's checks there on various occasions. On the day in question she called for a particular kind of cocoa but on the recommendation of the defendant's manager purchased that made by a different manufacturer. So far as outward appearance was concerned, the can of cocoa was perfect. There was a yellow wrapper upon it, both ends of which were sealed, and also an inside wrapper. The plaintiff tore the covering from the top of the can, opened

it with a knife and removed the cocoa with a spoon. After being made sick, the plaintiff examined the can and its contents: she found that the printing on the inner wrapper was faded, that the cocoa was mouldy and green in color, that the bottom of the can was rusty and that in it there was a small hole. All members of the family who partook of the cocoa were sick. There was medical testimony that the condition of the several plaintiffs was consistent with food poisoning such as would come from fungus growths. There was testimony from a chemist to the effect that he had examined the can in question and found it contained a certain fungus which was totally unfit for human consumption, and that in his opinion but one thing could cause the water stain, the rust spots and the hole in the bottom, coupled with what he found in the can, and that was immersion in water. The plaintiff was a married woman living with her husband and family. The manager of the defendant's store testified that he knew the plaintiff was a married woman but did not at the time of the sale know her husband although he had cashed checks payable to him.

There was an offer to prove a conversation between the manager and a clerk of the defendant in the presence of the plaintiff to 'the effect that she complained to the manager about the cocoa and that the clerk said the plaintiff must have got one of the cans that fell into a bucket of water, which he put back on the shelf to dry; and the manager said he remembered the incident but that the clerk should not have put the can back on the shelf. This offer of proof was excluded rightly. The alleged statements were made long after the purchase of the cocoa. They related to facts not within the scope of the agency of those employees. Declarations of an agent are not admissible against the principal unless made within the scope and course of the employment. *Williamson* v. *Cambridge Railroad*, 144 Mass. 148, 150. *Burbank* v. *Hammond*, 189 Mass. 189. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 142. If and so far as the offer of proof tended to contradict the testimony given by the

manager of the store, it was touching an irrelevant matter. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 11. The case at bar is distinguishable on this point from *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400, 402.

There was no evidence of negligence on the part of the defendant. The cocoa was not put in cans by the defendant but purchased by it from another for resale. There was no evidence that it was not purchased from a reputable manufacturer. There was nothing in its appearance to indicate that it was not in good condition and fit for use. This aspect of the cases is governed by authority. *O'Brien* v. *Louis K. Liggett Co.* 255 Mass. 553. *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86, 89. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444. *Blanchard* v. *Kronick*, 269 Mass. 464.

There was evidence that the plaintiff to the knowledge of the agent of the defendant purchased the can of cocoa as an article of food and that the plaintiff relied upon the recommendation of the defendant in buying the particular kind of cocoa. That branch of the case falls within G. L. (Ter. Ed.) c. 106, § 17 (1), to the effect that there was an implied warranty that the cocoa was fit for use as food. There was evidence of the breach of this warranty. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 92–93. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 382.

The contention of the defendant that as matter of law the plaintiff in making the purchase was acting as agent for her husband cannot be supported. Whether a wife in making a purchase of provisions for the household is acting in her own behalf or as agent for her husband is commonly a question of fact. There was testimony which with its implications would have warranted a finding that the manager of the defendant knew that the plaintiff was a married woman and was acting for her husband, but its weight and credibility were for the fact-finding tribunal. Depending upon the view taken of the evidence, a finding also would have been warranted that the plaintiff was acting as principal and not as agent for her husband. The case is close upon this point, but we think that it ought to have been submitted to the jury on the authority of *Groce* v. *First*

*National Stores Inc.* 268 Mass. 210, 212–213. *Charron* v. *Day,* 228 Mass. 305. *Cassidy* v. *Constantine,* 269 Mass. 56.

In the case of Lillian E. Cleary the exceptions are sustained. In the other three cases the exceptions are overruled.

*So ordered.*