PHILLY DeDONATI *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   May 11, 1937. — June 28, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence*, Street railway, Res ipsa loquitur. *Evidence*, Presumptions
and burden of proof. *Practice, Civil*, Requests, rulings and instruc-
tions.

A request for a ruling based on facts not in evidence properly was denied.
A finding that fire and smoke in a tunnel train were caused by the short
circuiting of an electric insulator and a ruling that such short cir-
cuiting was evidence of negligence of the railway company which
was in complete control of the tunnel and the train, did not as a
matter of law require a finding of negligence where there was evi-
dence warranting a finding to the contrary.

TORT.   Writ in the Municipal Court of the City of Boston
dated July 25, 1933.

The action was heard by *Adlow*, J., who stated "I do not
find that the burning of the insulator was due to the negli-
gence of the defendant," and found for the defendant.   A
report to the Appellate Division was ordered dismissed.
The plaintiff appealed.

*J. Schneider*, for the plaintiff.

*D. L. Martin*, for the defendant.

PIERCE, J.   In this action of tort, the plaintiff, a pas-
senger of the defendant, alleges injuries through the negli-
gence of the defendant in the operation and maintenance
of its trains and tunnels.   The defendant's answer contains
a general denial and an allegation of contributory negli-
gence.   The plaintiff does not argue before this court her
contention before the Appellate Division, predicated upon
an alleged improper argument of counsel for the defendant
at the trial of the cause.

At the trial before the Municipal Court of the City of
Boston, the plaintiff offered evidence tending to prove that
on July 28, 1932, at about 7:30 A.M., she boarded a train at

Maverick Station; that she paid her fare and was on her way to work; that she was seated in the second car of the train on the right hand side; that the train left Maverick Station and when it was between Maverick Station and Atlantic Station the plaintiff heard a loud report; that she did not know what happened; that she saw "a blaze of fire," "a burst of flames spring up in the subway"; that the flames came through the window of the train and she thought she would be burned to death; that the flames were immediately followed by a large amount of smoke which filled the train; that the plaintiff was frightened, put up her hands, threw her head back and bumped her head against the casement of the window in back of her; that the plaintiff did not know whether she broke a pane of glass in the train or not; that people screamed; that the train continued going; that the plaintiff fainted and did not remember anything; that she was taken out of the train by a girl at Atlantic Station and placed on a bench; that she went back on the train and got off at Devonshire Station; that she was then feeling very sick, nervous and frightened; that at Devonshire Station she fainted again and an inspector came over to her and she explained what had happened; that the inspector asked the plaintiff if she wanted to go to the hospital; that the plaintiff replied that she did not want to go to the hospital but wanted to go home; and that she was put into a cab by the inspector and was driven home. Counsel for the defendant agreed in open court that the tunnel through which the defendant's train was passing and all rails, equipment and facilities in the tunnel were in the control of the defendant on the day of the plaintiff's accident, and that the tunnel itself was not owned by the defendant but was leased from the city of Boston. There was competent evidence that the plaintiff sustained both physical and other injuries proximately caused by the explosion, flames and smoke in the accident of July 28, 1932. The plaintiff then rested.

On behalf of the defendant there was testimony to the effect that an insulator which supports the so called third rail had short circuited, and that, as a result, the wooden portion

of the insulator had burnt out, causing some smoke to arise in the tunnel, and that the train, after the smoke came into it, proceeded to Atlantic Station without the operation of the train being in any way affected except for the smoke coming in through the open windows.

At the close of the evidence the plaintiff offered seven requests for rulings of law. Of these those numbered 1, 2 and 3 were waived at the argument before the Appellate Division.

Request numbered 4 reads: "If the cable, when in good condition was of ample strength to have carried the load of electricity which it carried when it burned out, then the court should find that this accident would not have happened unless the cable had in some way become unsound." The judge denied this request with a notation, "4. Not evidence. Smoke caused by burning of insulator." This notation, by inference, is a finding that the flash of fire and the smoke which the plaintiff described were caused by the burning out of an insulator supporting the third rail which supplied the train with power, and that the flame and smoke were not caused by the burning out of a cable, of which there is no evidence in the report. With such a finding or, as here, in the absence of evidence of a defective cable, it is plain that the soundness of the cable was not material to any issue and that the request was denied rightly.

The fifth request of the plaintiff, which reads, "While the ordinary burning out of a fuse or cable is not *prima facie* evidence of negligence, yet when a cable or fuse burns out with the results which attended the burning out of the fuse or cable in this case, then the court should find that this burning out was evidence of negligence," was denied by the judge, with the notation or qualification which reads: "The burning was evidence of negligence. Defendant offered evidence to explain burning and on all the evidence I find defendant was not negligent." The argument of the plaintiff, in substance, that on the facts of this case there was " *prima facie* " evidence of the defendant's negligence, which was not fully met by any explanation of the defendant, cannot prevail. In the case at bar it is unnecessary to

discuss the rule of law which would have been applicable to the facts had the defendant offered no evidence to show that the explosion, smoke and fire occurred without fault on its part. See *Garrett* v. *M. McDonough Co. ante,* 58, 60. It suffices that the record shows that the defendant introduced evidence on that point from which the finding by the trial judge of absence of negligence was warranted, even if the defendant had the burden of proof on that issue. The trial judge in denying the request acceded to it in so far as he ruled that the burning of the fuse or cable was some evidence of negligence, but he was not thereafter precluded from finding on all the evidence that the accident happened without negligence on the part of the defendant. *Gearing* v. *Berkson,* 223 Mass. 257, 260.

The plaintiff's requests numbered 6 and 7 read: "6. If the court finds that the burning out of the cable or fuse in this case was in the ordinary manner in which a fuse or cable burns out, then the court should find that, if the defendant saw fit to use a fuse or cable for which no method has yet been devised to prevent a flash and smoke from being given off when the fuse or cable burns out, then the defendant and not the passenger should bear the risks arising from the use of such cables or fuses"; "7. The mere happening of this accident which in the ordinary experience of mankind would not have happened without the fault of the defendant, is in itself evidence of negligence." The report contains all the evidence material to the questions reported. A consideration of the evidence thus reported warranted, respecting requests numbered 6 and 7, the finding of the trial judge for the defendant, for the reason that the evidence offered by the defendant was sufficient, if believed, to prove that the defendant was not negligent on any ground suggested by the plaintiff.

*Order, "Report dismissed," affirmed.*