ARTHUR PARADIS *vs.* THE A. L. NICHOLS COMPANY.

Bristol.    October 26, 1937. — February 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Sale*, Warranty. *Proximate Cause. Husband and Wife. Damages*, For breach of contract.

A breach by a merchant of an implied warranty of the fitness of a bed purchased by a husband entitled the husband, under G. L. (Ter. Ed.) c. 106, §§ 58 (6), 59, to recover the medical expenses incurred by him by reason of personal injuries sustained by his wife by reason of a defect in the bed; whether the wife had a cause of action against the merchant was immaterial.

CONTRACT OR TORT. Writ in the Superior Court dated March 21, 1934.

A verdict for the defendant was ordered by *Brogna*, J. The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. E. Clarkin* & *J. T. Farrell*, for the plaintiff.

*F. M. Silvia* & *F. M. Silvia, Jr.*, for the defendant.

QUA, J.    The plaintiff seeks to recover for medical expenses incurred by him in consequence of a personal injury to his wife caused by the breaking of a bed which the plaintiff had purchased from the defendant. The parties have

———

* Paragraphs 3, 5, and 7 of the final decree in substance declared that the stock was the property of Jacob Cohen; ordered its sale, application of the proceeds to the expenses of the sale and the payment of the debt owed the plaintiff, and payment of any balance to Jacob Cohen; and enjoined the defendants, "pending payment of the plaintiff's claim," from interfering "with the interest of the said Jacob Cohen in and to the stock of the defendant Jacob Cohen." — REPORTER.

stipulated that if the plaintiff was entitled to go to the jury on any of his counts, judgment shall be entered in his favor in the sum of $600, but that if the judge rightly directed a verdict for the defendant, judgment shall be entered on the verdict. As we are of the opinion that the plaintiff was entitled to go to the jury on his count for breach of implied warranty, we shall confine our discussion to that count.

G. L. (Ter. Ed.) c. 106, § 17 (1), provides for an implied warranty of fitness where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill and judgment. There was evidence that the plaintiff himself purchased the bedroom set of which the bed was a part at the defendant's store; that the plaintiff preferred a different set, but that the defendant's salesman advised him to take the one which he bought and told him that it was better and cheaper, and that the bed was good, "right brand new from the factory"; that the plaintiff relied upon the salesman's statements; and that the defect which caused the injury consisted of a head post which had been cracked or partly broken and glued back in place, so that the defect was not apparent upon examination. § 17 (3). About six months later, while the plaintiff and his wife were asleep, a crescent-shaped piece broke away from the post where it had been glued, allowing the side rail to fall and throwing out the plaintiff's wife. The injury to the wife resulted in the incurring of medical expenses, for which the husband was presumably liable. *Kenyon* v. *Vogel*, 250 Mass. 341, 344.

Upon this evidence it was as much within the province of a jury to find the existence and breach of an implied warranty of fitness and that injury to the plaintiff's wife causing expense to the plaintiff was a direct and natural result of the breach in the ordinary course of events (G. L. [Ter. Ed.] c. 106, §§ 58 [6], 59) as it was within the province of the jury to make comparable or equivalent findings in the case of a sale to a husband of meat unfit to eat which made his wife ill. *Gearing* v. *Berkson*, 223 Mass. 257.

See also *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 277; *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 92, 93; *Flynn* v. *Bedell Co. of Massachusetts,* 242 Mass. 450; *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 451, 453; *Holt* v. *Mann,* 294 Mass. 21, and cases cited.

But the defendant contends that the plaintiff cannot recover for expenses incurred by him in consequence of his wife's injury, because the wife, not being a party to the warranty, could not herself recover for its breach. *Gearing* v. *Berkson,* 223 Mass. 257, 260. The defendant bases this contention upon the rule laid down in *Thibeault* v. *Poole,* 283 Mass. 480, that a husband cannot recover for such expenses caused by a tortious injury, unless the wife herself can maintain an action against the wrongdoer. This contention overlooks the grounds of decision set forth in *Thibeault* v. *Poole.* That case deals with the right of the husband to recover from a third person who has committed a tort against the wife. It does not limit in any way the right of the husband to recover for breaches of contract against persons with whom he himself has entered into direct contractual relations. In cases of the latter class the husband's rights are in no sense secondary or derivative rights. They do not accrue to him because he is the husband of a woman who has been injured. They are immediately personal to himself. There is no reason why the husband may not make with a third person and enforce a contract by which that person agrees to indemnify the husband against the expenses of an injury to the wife. In effect the plaintiff in this case made such a contract when he secured the defendant's warranty against defects rendering the bed unfit. In *Gearing* v. *Berkson,* 223 Mass. 257, recovery was denied to the wife, but the husband, who was the contracting party, recovered on an implied warranty for expenses of her illness.

The exceptions are sustained, and in accordance with the stipulation of the parties judgment is to be entered for the plaintiff in the sum of $600.

*So ordered.*