MARGUERITE R. COLBY *vs.* FIRST NATIONAL STORES INC.
MAURICE D. COLBY *vs.* SAME.

Middlesex.    November 7, 1940. — November 8, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Sale*, Parties, Of food.    *Husband and Wife.    Food.    Agency*, What constitutes, Undisclosed.    *Contract*, Parties.

Evidence warranted a finding that a married woman who purchased food at a store for her family with money supplied her by her husband for the support of the family acted in the transaction as principal, or as agent for her husband as an undisclosed principal, and that there was a contract of sale between her and the storekeeper.

TWO ACTIONS OF CONTRACT OR TORT. Writs in the Superior Court dated February 23, 1939.

The actions were heard by *Hanify*, J., and in this court were submitted on briefs.

*W. J. Day*, for the defendant.

*C. S. Walkup, Jr.*, for the plaintiffs.

FIELD, C.J. These two actions of contract or tort were tried together in the Superior Court before a judge sitting without a jury. Marguerite R. Colby, the plaintiff in the first case, seeks to recover damages for injuries sustained by her as a result of eating food containing vinegar bought

from the defendant. Maurice D. Colby, the plaintiff in the second case, the husband of Marguerite R. Colby, seeks to recover consequential damages. The first count of the declaration in each case is framed in contract; the second count of the declaration in each case is framed in tort. Rulings requested by the defendant in each case were denied by the trial judge. He made no express specific findings of fact, but found for the plaintiff in each case on the first count of the declaration and for the defendant in each case on the second count of the declaration.

The cases come to this court on a report of the trial judge in which he states: "The defendant being aggrieved by my finding that there was a contract between the plaintiff, Marguerite R. Colby and the defendant, I report the case to the Supreme Judicial Court on the stipulation that if I could so find under the law, the finding for the plaintiff in each case is to stand. If there was no evidence of a contract between the plaintiff, Marguerite R. Colby and the defendant, then judgment is to be entered for the defendant in each case."

The evidence is as follows: "The plaintiff, Marguerite R. Colby, testified that she was the wife of the plaintiff, Maurice D. Colby and that her family consisted of herself, her husband and three children, whose ages were eleven, fifteen and twenty-one; that she was a regular customer of the defendant's store; that on November 22 or 23, 1938, she purchased a jug of cider vinegar at the defendant's store in Belmont; that she did not know the manager of the store personally but merely enough to pass the time of day; that on the day when she bought the vinegar she told him that she would like to have a gallon of vinegar; that she had bought vinegar there years before; that she was not quite sure where he took the vinegar from but she thought he picked the jug of vinegar from the floor; that she took the vinegar home and used it for her family use; that her husband was employed at the time as an inspector by the Boston Elevated Railway Company and was earning enough money to support the house; that it was his money that supported the house and he took his week's

pay and gave it to her to run the house. In answer to the question 'With that you ran the house?', she answered 'I tried to.'" The "manager of the defendant's store, testified that he knew the plaintiff, Marguerite R. Colby as Mrs. Colby when she purchased the vinegar." "There was evidence that the vinegar contained an injurious foreign substance which caused injuries to the female plaintiff after she ate food containing some of the vinegar."

On the evidence the trial judge was warranted in finding — as impliedly he did — "that there was a contract between the plaintiff [in the first case], Marguerite R. Colby and the defendant." There was evidence of a purchase of the vinegar in question from the defendant by the plaintiff acting in some capacity. A married woman buying food for her family may be in one of three positions: she may buy it as an agent of her husband as a disclosed principal, as an agent for him as an undisclosed principal, or as a principal buying in her own behalf. If the position of this plaintiff in the transaction disclosed by the evidence was that of a principal, or that of an agent for her husband as an undisclosed principal, there was a contract between her and the defendant. See *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, 542. The question of the relation of a married woman to such a transaction is commonly one of fact. See *Cleary* v. *First National Stores Inc.* 291 Mass. 172, 175. Even if the evidence warranted a finding that this plaintiff in the transaction acted as agent for her husband as a disclosed principal — as we need not decide — such a finding was not required. A finding that she bought the vinegar in her own behalf or, at least, for her husband as an undisclosed principal was not precluded by her testimony that she bought the vinegar for the use of her family with money supplied by her husband for the support of the family, or by her testimony that she was "a regular customer of the defendant's store," and that "she had bought vinegar there years before." There was no evidence that she represented to the defendant that she was acting for her husband, or that the defendant knew that he supplied the money for this purchase, or had done so for previous purchases, or

even that this plaintiff then had a husband.  It could have
been inferred from the evidence that the plaintiff in buying
the vinegar pledged her own responsibility for the payment
thereof, and that the defendant dealt with her on that
basis, whether or not as a matter of fact she was acting
with her husband's authority in his behalf.  The testimony
of the defendant's manager that he knew the plaintiff as
"Mrs. Colby" when she purchased the vinegar, even if
believed — and it might have been disbelieved — would not
require a different conclusion.  See *Groce* v. *First National
Stores Inc.* 268 Mass. 210; *Cleary* v. *First National Stores
Inc.* 291 Mass. 172, 175; *Timmins* v. *F. N. Joslin Co.* 303
Mass. 540, 542.  Compare *Gearing* v. *Berkson*, 223 Mass.
257, explained in *Groce* v. *First National Stores Inc.* 268
Mass. 210, 212.

In view of the conclusion reached upon the only question
of law reported for our determination, in accordance with
the stipulation, the finding for the plaintiff Marguerite R.
Colby, in her case, is to stand, and the finding for her hus-
band, the plaintiff Maurice D. Colby, in his case, is to
stand, irrespective of other questions of law that may be
suggested by the record.  In each case judgment is to be
entered for the plaintiff on the finding.

*So ordered.*