No. 2725 Northern Middlesex, ss.

RANERI, p. p. a (Patrick A. Menton)
v. FIRST NATIONAL STORES, INC.
 (Charles S. Maddock)

From the Second District Court of Eastern Middlesex—
Duane, J.

Argued November 25, 1940—Opinion Filed May 17, 1941

HENCHEY, J.—(Pettingell, A.P.J., & Wilson, J.)—In this action the plaintiff seeks to recover for injurits alleged to have been sustained as a result of eating canned peas. The declaration contained two counts, one sounding in contract and the other in tort. In the first count the plaintiff alleges that she (or her agent) bought a can of peas from the defendant, a retail dealer in foodstuffs; that she ate the peas and became sick because the canned peas were negligently and improperly prepard in that the peas contained a bug. The second count contained the ordinary allegations of negligence in the preparation and distribution of the can of peas.

The plaintiff's father purchased a can of "Richmond Sweet Peas" on November 4, 1939, at one of the defendant's stores where he had traded for some time. This store is a self-service store, and the customers pick out what they want and then pay for it. On November 8, 1939, he saw his wife clean a pan, heat the peas in this pan, and serve some of them to the plaintiff, who ate a few spoonfuls, and then complained of being sick. The plaintiff's father found a bug about an inch long and brownish in color in the peas which were still in the pan. He then put all the remaining peas in the can and the bug in on top. The plaintiff was the only one who ate the peas and that was all she ate. She vomited and was sick all night and was treated by a doctor, who testified that he was told that the child saw a bug in some peas and was made sick. In his opinion the eating of the peas caused the plaintiff's illness.

The father testified that at the time he purchased the can of peas and at the time they were opened he noticed nothing

unusual about the can or its contents. The can of peas in question was offered in evidence, and on its label was contained a statement: "First National Stores, Inc. Distributors Somerville, Mass." At the appropriate time the defendant filed a number of requests, all of which were denied. In substance, these requests properly raised the question whether the plaintiff was entitled to recover either in tort for negligence or in contract for an alleged breach of an implied warranty.

The trial judge found for the plaintiff in the sum of one hundred dollars and in his memorandum of findings the trial judge stated, among other things, that he found "as a fact on all the evidence that the eating of said peas" caused the plaintiff's illness; that the bug was in the can before it was opened; and that the defendant had sufficient notice of the claim from a questionnaire signed by the plaintiff's father about nine days after the injury.

While the trial judge found for the plaintiff, it is not clear, from the detailed findings of facts, whether he did so on the theory of negligence or upon the theory of a breach of warranty. In either event, we believe that the finding of the trial judge cannot stand.

There can be no recovery by the plaintiff upon the count sounding in negligence. In *Cleary* v. *First National Stores, Inc.*, 291 Mass. 172, the court stated that because evidence on certain points was lacking, a finding of negligence could not be supported. The court said that there was no evidence that the defendant canned the cocoa, nor that it was not bought from a reputable dealer, and that it was not in good condition and fit for use. The same is true in the instant case. There was no evidence that the defendant canned the peas; the label indicated only that the defendant was the "distributor"; there was no evidence that the peas were not bought from a reputable dealer; and there was evidence from the plaintiff's father that at the time he bought the peas and at the time they were opened, he noticed nothing unusual about the can or its contents. Thus it is clear that the defendant is not liable in tort for negligence. See also, to the same effect as the *Cleary* case, *O'Brien* v. *Louis K. Liggett Co.*, 255 Mass. 553; *Blanchard* v. *Kroneck*, 269 Mass. 464.

That brings us to the count in contract for breach of warranty.

We assume for the moment that the defendant received sufficient notice as was required by Chapter 106 of the General Laws.

We have difficulty in finding any breach of warranty. Where a buyer himself selects the goods, the dealer's implied warranty does not go beyond the implied assertion that he believes the goods to be sound. And furthermore, such a warranty stays with the original purchaser and does not "run with the goods." *Gearing* v. *Berkson*, 223 Mass. 257. The instant

[ 21 ]

case is different in its facts from the *Cleary* case, cited above, where the purchaser asked for a certain brand of cocoa and the clerk recommended a different brand. Here the purchaser selected the can of peas himself in a self-service store; and in the questionnaire, offered in evidence, he stated "we use same brand all the time." Since there was no evidence that the defendant, through its agents or servants, did not believe the can of peas selected by the plaintiff's father to be sound, there was no breach of this implied warranty and there can be no recovery on this count.

Therefore, the finding for the plaintiff is to be vacated, and since the report contains all the evidence material to the questions reported, which included the count for negligence and the count for breach of warranty, judgment is to be entered for the defendant