Parker, J.,
This is an action of contract in which the plaintiff seeks to recover damages for breach of warranty of a certain food product, known as panettoni, purchased of the defendant. The plaintiff in her declaration alleges that there was hidden in the food a quantity of tobacco by the eating whereof she was made ill, suffered in body and mind and incurred expenses for the services of a physician.
The defendant’s answer was a general denial, and allegation that the purchase was made by the husband of the plaintiff and that any warranty ran with the goods and not to a consumer other than the purchaser. There was a further answer that goods having a trade name carried no implied warranty.
There was evidence for the plaintiff tending to show that on the day before Thanksgiving, 1940, her husband went to *262 the defendant’s store to purchase food supplies. On that date the defendant asked the plaintiff’s husband if he would not like to purchase a package or loaf of panettoni, Italian food, and stated that it was very good. The plaintiff’s husband replied that he would have to ask his wife. He then and there telephoned to his wife, and having done so stated to the defendant that his wife did not wish to purchase any panettoni at that time. On November 30, 1940, the plaintiff dictated to her husband the kind and amount of food supplies which she wished him to purchase from the defendant on that day. Each week the plaintiff’s husband gave her his wages, and she at the time of the dictation gave to her husband the money necessary to pay for the supplies to be purchased. The husband asked the plaintiff, if she wished a panettoni; in reply she said, “No,” but if he wanted to get one, he could. The husband with the written list-went to the defendant’s store, and there was first waited upon by the defendant at a meat counter. He then asked the defendant if he was sure the panettoni was good; and the defendant assured him that it was. The husband then inquired the price, which was given to him as sixty-five cents; and he told the defendant that he would take a loaf. The plaintiff’s husband took a loaf from, the rack and gave it to the defendant’s wife, who was also waiting on him in the store, and she placed it in the bag with the other groceries being purchased at that time. The panettoni was taken home by the plaintiff’s husband, and the plaintiff ate a slice or piece without any ill effects. The plaintiff’s husband did not care for panettoni, and did not eat any part of this particular loaf at any time. On December 1, 1940, the plaintiff ate another slice, and at the time of the second consumption she *263 noticed a bitter, burning taste in her mouth and as she swallowed the food this sensation was also felt in her stomach. Later she had marked symptoms of nausea, unaccompanied however by actual vomiting. These symptoms were simultaneous with severe cramps, both in the stomach and intestines; and this condition prevailed for several days necessitating the aid of a physician. The physician diagnosed the symptoms as food poisoning, or perhaps more accurately poisoning due to the presence in the panettoni of a foreign substance poisonous in its nature. Medical testimony for the plaintiff tended to show that the nicotine in the tobacco was poisonous and would produce the symptoms above stated.
The Trial Court made the following finding:
“I find that there was both an express and implied warranty of fitness of the panettoni but both ran to the plaintiff’s husband. I find no evidence of agency. In Gearing v. Berkson, 223 Mass. 257, a sale of pork was made to a man through his wife as agent. As to the wife’s recovery, the court said, ‘ The difficulty with the case is that there was no contractual relation and hence no warranty. The only sale was that made to her husband through her as agent. The implied warranty or to speak more accurately, the implied condition of the contract to supply an article fit for the purpose required is in the nature of a contract of personal indemnity with the original purchaser. It does not run with the goods. ’ The instant action differs from many others appearing in our Reports wherein the wife was the purchaser and there was evidence of her agency. It is also unlike Cleary v. First National Stores, Inc., 291 Mass. 172, where there was evidence that the employee of the defendant knew the purchaser had a family of children.
I find no evidence of agency and, therefore, rule there was no contractual relation between the plaintiff and the defendant. I find that the express warranty *264 given by the defendant to the plaintiff’s husband carried through the entire transaction; that the plaintiff’s husband himself took the loaf of panettoni from the rack but by so doing did not designate a particular type of food known and designated as a trade name, but bought upon representation by the defendant; that the name panettoni is not a trade name but a designation of a type of bread or cake. I find there was a deleterious foreign substance in the panettoni; that the plaintiff ate thereof and was made ill and as a result suffered pain and distress and incurred expenses. I rule, however, she cannot recover therefor on either an express or implied warranty of fitness. If material, I find that reasonable and adequate notice was given to the defendant.”
The important issue in this case is that of agency. The plaintiff’s brief deals exclusively with that phase, and contends that “there is in the Report some evidence of agency of the husband for the wife.” In another section of the plaintiff’s brief the following sentence occurs: “With reference to the agency issue as presented in this Report, it is submitted that the question is entirely one of law and not of fact.” The plaintiff suggests again in her brief, “There are no legal restrictions in Massachusetts which operate against a husband’s acting as agent for his wife. It is always a question of fact whether a husband is agent of his wife or a wife agent of her husband.” It can be readily agreed that in Massachusetts and elsewhere, husbands and wives can act as agents each for the other. In Restatement of the Law, dealing with the subject of Agency, Volume 1, Section 22, is the following: “A husband or wife may be authorized to act for the other party to the marital relationship.” In Cleary vs. First National Stores, 291 Mass. 172, 196 N. E. Rep. 869, Chief Justice Rugg makes the following statement: “The contention of the defendant that as matter of law the plaintiff in mak *265 ing the purchase was acting as agent for her husband cannot be supported. Whether a wife in making a purchase of provisions for the household is acting in her own behalf or as agent for her husband is commonly a question of fact.”
In the second paragraph of the specific finding of the Trial Court it is stated, “I find no evidence of agency and, therefore, rule there was no contractual relation between the plaintiff and the defendant.” If the issue of agency is a question of fact as we consider it to be upon the authority of the Massachusetts decisions, and if we are to agree with the finding of the Trial Court and to disagree with the plaintiff’s contention that it is a question of law, then the finding of the Trial Court that “there is no evidence of agency” disposes of the case. Without evidence of agency there can be no contractual relationship between the plaintiff and the defendant. We do not feel that we should interfere with findings of fact, unless they are palpably not justified by the testimony. It was the wife, who was the plaintiff, who was injured; the husband suffered not at all from the purchase of the panettoni. The plaintiff made several requests for rulings of law, of which \#%, #3, #4 and #5 were allowed; #1, \#Q and #7 were denied. #1 deals with the subject of agency which we have already considered. #6 is concerned .with the question of sufficient notice which is not at issue here, because the Trial Court has found that there was a reasonable and adequate notice given. #7 deals with Chapter 106 of the General Laws, and has been waived by the plaintiff in her brief. We do not find it necessary to pass upon the rulings of law requested by the defendant. We order that the finding for the defendant shall stand; and that the report shall be dismissed.