Henchey, J.,
Four actions of “tort and contract” in which each plaintiff, a minor child, sues to recover for injuries alleged to have been caused by a foreign substance contained in food purchased by the plaintiffs ’ mother at the defendant’s store. The presence of the foreign substance in the food is claimed to have been due to the negligence *156 of the defendant. Bach declaration contains, also, an allegation that the defendant represented that the food was fit for human consumption.
The trial judge found the following facts:
“Rita Marino the mother of all four plaintiffs purchased three cans of Hurff’s vegetable soup from a so-called Self-Service Store of the defendant on October 23, 1941. She took the cans home, opened all three of them, placed them in a clean pot with one and one-half cans of water, salt and pepper. After heating the soup she served it in four bowls to the four minor plaintiffs. About an hour after eating the soup the four plaintiffs became ill and were attended by a physician. Rita Marino noticed nothing unusual about the soup until after the children had become ill, when she observed that the soup which was not eaten contained maggots. The doctor who treated the four plaintiffs also examined the soup and found it contained maggots. I find that the maggots got into the can during the manufacture of the soup and that the fact that the maggots were in the soup is evidence of negligence on the part of the manufacturer. I find that the manufacturer of the soup was negligent. On the basis of the two cases of Farrell v. Manhattan Market, 198 Mass. 271, and Ward v. The Great Atlantic & Pacific Tea Company, 231 Mass. 90, the plaintiffs are entitled to recover. ’ ’
The defendant filed ten requests for rulings of which the second was in three parts. Three of these rulings and two parts of the second requested were given, and one and the other part of the second were waived. Five were denied as follows:
“1. Upon all the law and the evidence, the plaintiff is not entitled to recover on a theory of tort for negligence. [Specifications: (a) There is no evidence that the defendant was negligent. There is no evidence that the soup was put in the can by the defendant, or that the can was not purchased from a reputable manufacturer. There was nothing in the appearance of the *157 can to indicate that it was not in good condition and fit for use.] 3. The evidence does not warrant a finding that the defendant was negligent. 5. The evidence does not warrant a finding that the defendant was negligent in the sale of the food complained of. 8. Upon all the evidence it is just as possible that the foreign substance got into the food after the can was opened as it is that the foreign substance was in the food before the can was opened. 9. The evidence does not warrant a finding that the foreign substance was in the food before the can was opened.”
Although the action is described as one of “tort and contract”, the basis of the action is the negligence of the defendant in selling unfit food. The trial judge gave the defendant’s second requested ruling that the plaintiff is not entitled to recover on a theory of contract on the ground that there was no contractual relation between the plaintiffs and the defendant, the plaintiffs not being the purchasers of the goods and no implied warranty running with the goods, and the plaintiffs not relying upon the skill and judgment of the defendant. No report was claimed from this ruling and it-became, therefore, the law of the case. There was evidence warranting the finding of facts supporting such a ruling.
In the absence of the declaration, which is not made a part of the report, either by copy or abstract, we assume that the plaintiffs could recover in tort either upon proof of negligent conduct of the defendant, or for breach of a warranty that the food was fit to be eaten. Tort will lie for the breach of such a warranty. Farrell v. Manhattan Market Co., 198 Mass. 271, at 274. Roberts v. Anheuser Busch Brewing Association, 211 Mass. 449, at 451, 452. Gearing v. Berkson, 223 Mass. 257, at 260. Cleary v. First National Stores, Inc., 291 Mass. 172, at 175. Schuler v. Union News Co., 295 Mass. 350, at 352, 353. Kurriss v. Conrad & Co. Inc., Mass Adv. Sh. (1942) 1899, at 1905-1911.
*158 If the plaintiff relies upon the negligence of the defendant, there is in the evidence reported an entire lack of testimony which shows such negligence. The plaintiffs to recover on that ground must show some “specific” negligent act or omission on the part of the defendant. Mellace v. John P. Squire Co., 306 Mass. 515, at 517. O’Brien v. L. K. Liggett Co., 255 Mass. 553. As to the defendant’s conduct, the case is governed by Cleary v. First National Stores, Inc., 291 Mass. 172, in which it was said, at page 175,
“There was no evidence of negligence on the part.of the defendant. The cocoa was not put in cans by the defendant but purchased by it from a reputable manufacturer. There was nothing in its appearance to indicate that it was not in good condition and fit for use. This aspect of the case is governed by authority.”
The mere fact that the food when eaten was unwholesome would not justify a finding that the defendant was negligent. The doctrine of res ipso loquitur does not apply. Mellace v. John P. Squire Co., 306 Mass. 515, at 516. It is to be noted that the trial judge specifically found that the manufacturer was negligent. This, in no event made the defendant liable. The trial judge gave the defendant’s fourth request, that it was not negligent in the distribution of the food, and the sixth, that it was not the canner or packer.
It was prejudicial error to deny the defendant’s third and fifth requested rulings.
As to the plaintiff’s right to recover in tort for breach of warranty, there are other difficulties which must be met. The trial judge gave the defendant’s seventh requested ruling, that there was no evidence of a contractual relation between the plaintiffs and the defendant. Although there is no doubt but that such an action will lie, there cannot be such an action where there is no privity of contract. Roberts v. Anheuser Busch Brewing Association, 211 Mass. 449, at *159 450. In that case, as in this, there was no contractual relation between the parties. The Court there found that by the defendant’s advertisements the jury could find that it had made representations amounting to a warranty. Here there was no evidence of representations made either by the defendant or the manufacturer, or of any made by the latter which were adopted by the defendant." No implied warranty “runs with the goods.” Gearing v. Berkson, 223 Mass. 257, at 260.
In many respects the case is identical with Cleary v. First National Stores, Inc., 291 Mass. 172, in which the mother bought a can of cocoa which proved to be defective. The mother and three minor children brought suit, the mother electing to base her action in contract on a violation of G. L. (Ter. Ed.) C. 106, Section 17 (1), which creates an implied warranty of fitness; the other plaintiffs electing to proceed in tort. Verdicts for the defendant were ordered on all four cases. On the facts, which are very close to the case at bar, the exceptions of the mother were sustained and those of the other plaintiffs were overruled.
In that case the Supreme Judicial Court decided that there was no evidence of negligence of the defendant; that there was evidence of a breach of an implied warranty under G. L. (Ter. Ed.) C. 106, Section 17 (1); that there was evidence that the mother, the purchaser, was acting in the purchase of the food as principal and not as agent for her husband; that as to her there was a question of fact for the jury; but that as to the minor children verdicts for the defendant were properly ordered. See Groce v. First National Stores, Inc., 268 Mass. 210, 212, 213.
This matter of actions upon implied warranties of fitness is fully considered by the Supreme Judicial Court in Kurriss v. Conrad & Co. Inc., Mass. Adv. Sh. (1942) 1899, at 1905-1911. The plaintiff in that case brought her action as *160 the' original purchaser. It is interesting to note that one of the defences in that case, see page 1901, was that there was no contractual relation between the plaintiff and the defendant, the dress which was the cause of the action, having been purchased, according to the defendant, by the plaintiff’s sister. The Court ruled on this issue that a finding that the plaintiff was the purchaser was warranted and allowed a recovery.
In this case before us the evidence does not warrant a finding that the defendant was negligent; the trial judge found that the defendant was not the canner or packer, that it was not negligent in the distribution of the food purchased; he found, also, that there was no contractual relation between the parties. It has been pointed out that it was prejudicial error to deny the defendant’s third and fifth requested rulings. It was prejudicial error, also, to deny the first requested ruling.
The finding for the plaintiff in each case is to be vacated and judgment entered for the defendant.