Caleb Loring, Jr., for the Defendant.

Albert S. Resnick, for the Plaintiff.

*Northern District*

No. 4600-A

**RICHARD GAGE, p.p.a.**

**v.**

**LEO HELLER, d/b/a**
**UNITED NATIONAL STORE**

(December 22, 1952)

*Gadsby, P. J.* This is an action of contract or tort in which the plaintiff seeks to recover damages for personal injuries alleged to have been caused by the consumption of *tomato juice* sold by the defendant to the plaintiff's mother. The declaration contains two Counts, the first sounding in contract and the second in tort. The defendant's answer is a general denial, an allegation of

contributory negligence and further allegation that any injuries or damage suffered by the plaintiff were caused by a person for whose conduct the defendant is not responsible, and that the plaintiff is barred from maintaining this action by the provisions of Chapter 106 of the General Laws. At the trial there was evidence tending to show:

The plaintiff was three years old in November, 1949, was served on the morning of November 18, 1949 some tomato juice poured from a can sold by the defendant to the plaintiff's mother and also ate at the meal in question some oatmeal, milk and toast. Shortly thereafter the plaintiff became sick to his stomach and remained sick for several days requiring one visit from a physician. The tomato juice tasted bitter, had a peculiar odor and was pale and bubbly. The can containing the juice bulged at the top approximately $\frac{1}{2}$ inch and at the bottom approximately $\frac{1}{4}$ inch. An examination of its inside showed it to be a dark grayish color with white spots. The defendant makes it a practice not to sell cans of food which bulge at the top or bottom.

The plaintiff's mother reported the matter of the plaintiff's illness and of the alleged cause to an employee of the defendant on the same day on which the tomato juice was consumed. The remaining tomato juice was returned to the defendant whose employee is said to have stated at the time that air must have got at it.

If the plaintiff is entitled to prevail there is no question as to damages.

At the close of the trial and before the final arguments, the defendant made the following Requests for Rulings:

1. The evidence does not warrant a finding that the defendant was negligent in dealing with the can of tomato juice concerned in this action.

2. The evidence does not warrant a finding that the defendant packed or processed the can of tomato juice concerned in this action.

3. The evidence does not warrant a finding of any negligence chargeable to the defendant in connection with the alleged illness of the plaintiff.

4. The evidence does not warrant a finding that the defendant sold the can of tomato juice concerned in this action to the plaintiff.

5. The evidence does not warrant a finding that the defendant made any express or implied warranty with respect to the can of tomato juice concerned in this action to the plaintiff.

The Court allowed the second Request for Rulings of Law and denied the defendant's Requests for Rulings numbered 1, 3, 4, and 5 as inapplicable to the facts found. The Court found the following facts:

The declaration of Leroy Gage, hereinafter referred to as the Plaintiff, and that of Richard Gage, ppa. hereinafter referred to as Richard, are attached hereto and made a part hereof. Richard was three years old on November 18, 1949 when the occurrence described within took place. The Plaintiffs are father and son. Mrs. Ann Marie Gage is the wife of LeRoy and is hereinafter referred to as wife.

The following agreements were made between counsel in open court before commencement of trial in this matter:

1. That on November 18, 1949, the said wife shopped at the United National Store owned and operated by the Defendant, Leo Heller, and purchased from the Defendant a can of Gro-Pak tomato juice containing 46 liquid ounces together with other groceries.

2. That the purchase was made by wife as agent for her husband, LeRoy Gage, and

3. That due and sufficient notice of breach of warranty

and the illness of Plaintiff and Richard was received by the Defendant, Leo Heller.

The Court made the following finding of facts:

I find that on Friday, November 18, 1949, the Defendant was engaged in the business of the sale of food, groceries, and creamery items at 1410 Cambridge Street, Cambridge, and had been in this business for thirty (30) years. He had 4 or 5 employees, 3 of whom were his sons, and 1 of whom was in charge of the grocery department. At least 2 of said employees were school boys whose duties included bringing up and piling up displaying various can goods including tomato juice. The Defendant testified further that he had specifically instructed his sons and other employees not to put out for sale any cans that they found to be bulged at the bottom and/or top. There was also evidence by a doctor for the plaintiff that the contents of a can containing food would most probably be spoiled if the can showed bulging at top and bottom.

I find that the wife was not familiar with Gro-Pak tomato juice and did not select the same because of its brand name. I find that she took this can from a number of other cans alike in label and general appearance, all sealed and not open to inspection. She took this can home and put it into the refrigerator. The Plaintiff, Richard, and Mrs. Gage had fish fried in oil for their Friday evening meal. They were all well including Mrs. Gage when the Plaintiff arose to go to work. The Plaintiff and Richard each drank a glass of tomato juice. Plaintiff then complained of the juice being bitter whereupon the wife tasted it and expectorated. The Plaintiff then had for breakfast coffee and toast. Richard had oatmeal, milk, and toast. Mrs. Gage had oatmeal, toast and coffee with milk but omitted the tomato juice. They had breakfast at 6:30 a.m. Richard vomited in about a half hour and had abdominal pains and diarrhea and was sick for 4 days. The Plaintiff

came home about 8:30 a.m. He had the same troubles as the child and had been taken ill at work about 8:00 a.m. and had already vomited. He lost one day from work. He worked for the Boston & Maine Railroad. His pay was $69.80 per week. The wife called Dr. Tavares who diagnosed the conditions of both as food poisoning as a result of drinking this tomato juice. The Plaintiff had considerable suffering from vomiting, diarrhea, and cramps for two days.

Mrs. Gage examined the tomato juice on her husband's statement that it was bitter. The inside of the can was a dark grayish color with white spots. The juice itself was pale and bubbly. It had a rancid odor, and the bottom and top of the can were bulged $\frac{1}{2}$ inch and $\frac{1}{4}$ inch respectively. Mrs. Gage testified and I find that when the can was placed on the table it rested entirely upon the bulge, no part of the thickened circular edge touching the table top.

She returned it to the owner's son who offered to give her the price back which she refused. She notified the owner's son that the store had sold her rancid tomato juice, and this had caused sickness to her husband and child. The owner's son tasted the juice, expectorated, and poured the remainder of the contents down the sink and threw the can away. He told her that the air must have gotten at it.

I find that the Defendant was guilty of a breach of warranty made to the Plaintiff, LeRoy Gage. I also find that the Defendant, his agent, servant, or employee was negligent in selling a can of Gro-Pak tomato juice which the Defendant, his agents, servants or employees knew or should have known was defective and dangerous to health.

I find for the Plaintiff, Richard Gage, ppa. $300.00 in tort for negligence on Count 11 of his declaration.

There is no doubt that recovery must be based on negligence on the part of the defendant. The

mother, who purchased the product, was the agent of her husband and not of her minor son. Therefore there can be no recovery under G.L. c. 106, § 16-(1) on an alleged or implied breach of warranty. *Pearl* v. *William Filene's Sons Co.,* 317 Mass. 529; *Gearing* v. *Berkson,* 223 Mass. 257.

The burden of proving that the proximate cause of the injury was the negligent act of the defendant, his agents or servants, rested on the plaintiff. But as was said in *Flynn* v. *Growers Outlet, Inc.,* 307 Mass. 373 at 377,

> The plaintiffs were not bound to exclude every possible cause for their illnesses except that of the negligence of the defendant. They were required to show by evidence only a greater likelihood that their illnesses came from an act of negligence for which the defendant is responsible than from a cause for which it is not.

*Rocha* v. *Alber,* 302 Mass. 155, 157.

As was said in *Richenbacher* v. *California Packing Corp.,* 250 Mass. 198, 203:

> "A food product mixed with glass is as unfit for human consumption and as dangerous to health and life as a poisonous food. The sale of food dangerous to health and to life renders the manufacturer or the seller thereof liable to third persons not the direct purchasers for injuries received by them from its consumption, if the manufacturer or seller was negligent in its preparation or output.

*Tonsman* v. *Greenglass,* 248 Mass. 275.

The defendant had a rule forbidding the sale of cans of food which were damaged similar to the one in this case. He therefore must have been cognizant of the dangers involved to health in the sale of such damaged cans. It would seem that the sale of such constituted negligence. The defendant in the exercise of due care should have prevented such a can from being sold.

The case at bar differs from the case of *Cleary* v. *First National Stores, Inc.,* 291 Mass. 172, be-

cause in that case the Court in denying recovery said at page 175, "There was nothing in its appearance to indicate that it was not in good condition and fit for use."

In the case at bar there was evidence in the can's appearance to show otherwise.

The requests for rulings filed by the defendant based on breach of warranty becomes inapplicable in view of the fact that the finding was based on negligence.

The request based on negligence becomes immaterial in view of the specific finding of fact of negligence by the Court.

The report is therefore ordered dismissed since there was no prejudicial error by the trial judge.

Albert S. Resnick, for the Plaintiff.

Caleb Loring, Jr., for the Defendant.