BERNARD FITZSIMMONS *vs.* JOHN CARROLL.

Norfolk. Jan. 23, 1879. — Feb. 25, 1880. AMES & SOULE, JJ., absent.

A manufacturer employed workmen by the piece, and a tag was used to show the kind and value of the work done. From these tags each workman, on completing a piece of work, cut off a slip representing his work and the value thereof, and such slips were sometimes transferred by delivery by the workmen, and were paid on a certain day in each month by the manufacturer to any person presenting them. At the time of the service of a writ upon the manufacturer as trustee of a workman, the workman had in his possession a number of these slips representing the labor performed by him, and worth a certain sum. The Superior Court on these facts charged the trustee. *Held,* on appeal to this court, that no error appeared.

A point which does not appear to have been intended to be raised, on an agreed statement of facts submitted to the Superior Court, will not be considered by this court on appeal.

SCIRE FACIAS upon a judgment recovered by the plaintiff in a trustee process, in which the defendant was summoned as trustee of Martin Flynn. The case was submitted to the Superior Court, and, after judgment for the plaintiff for $56, to this court on appeal, on the following agreed facts:

" The defendant is a manufacturer of boots and shoes, employing a number of persons, among whom was Flynn. No account was kept with the employees, but all work was done by the piece, and tags were used to show the kind and value of the work done. From these tags each employee, at the time he completed each piece of work, cut off that slip which represented his particular work, and the amounts called for by these slips were paid upon their presentment on a certain day of every month, and no payments were made otherwise than upon such slips. There was nothing upon these slips to indicate who had performed the labor, though each slip bore a number corresponding to that upon the tag from which it was clipped, upon which tag was also written the name of the workman. Payment was made to any person who presented these slips; and they were frequently taken at the stores in the town in payment for goods, or otherwise transferred by the employees to other persons, who presented them for payment, and received the money due upon them. At the time of the service of the plaintiff's writ in the original action upon this defendant, Flynn had in his possession

fifty-five of these slips, though this was not known to this de-fendant, representing the labor performed by him, and worth in the aggregate fifty-five dollars.

" Upon the foregoing facts such judgment is to be rendered as law and justice may require."

*W. W. Burke*, for the plaintiff.

*S. H. Tyng*, for the defendant, contended that it did not appear that, at the time of the service of the writ in the original action upon the trustee, there was any debt absolutely due Flynn; that the slips were negotiable securities, payable to the bearer at a fixed time, and were not shown to be overdue; that the judgment was excessive, being rendered for a greater sum than was due from the defendant to Flynn; and that, under the Gen. Sts. *c.* 142, § 29, a sum not exceeding twenty dollars was exempt from attachment.

LORD, J. The agreed facts in this case are very loosely and imperfectly drawn.

We suppose it was the intention of the parties to raise the question whether it was competent for the Superior Court, upon the facts stated and the reasonable and proper inferences to be drawn therefrom, to charge the trustee. Whether the facts agreed disclose a possibility that the trustee might not be indebted to the principal defendant in the original suit, it is immaterial to inquire, because the presiding judge would naturally and reasonably, if not necessarily, come to the conclusion that, at the time of the service of the original writ, the defendant in that suit had a legal and valid demand against the trustee for the payment of money which could be immediately enforced by suit. This of itself required the court to charge the trustee. The other questions discussed do not seem to have been raised before, or passed upon by, the court below.

It is quite possible that judgment was entered inadvertently for fifty-six dollars instead of fifty-five, or that the interest upon the amount for which the trustee was properly chargeable from the time when he was charged in the original suit to the time when he was charged upon the *scire facias* will account for the additional dollar which is objected to as erroneous.

As to the other question raised by the defendant, that under the Gen. Sts. *c.* 142, § 29, the sum of twenty dollars should be

exempt from attachment by trustee process, because the demand was not alleged to be for necessaries, it does not seem to have been raised or intended to be raised in the court below. No facts are agreed in the statement of facts which indicate that this question was in any manner in the minds of the parties.

The section of the statute referred to is in these words: " When the wages for the personal labor and services of a defendant are attached for a debt or demand other than for necessaries furnished him or his family, and when a debt due for the services of the wife or minor children of the defendant is attached, there shall be reserved in the hands of the trustee a sum not exceeding twenty dollars, which shall be exempt from such attachment."

Whether the phrase in the section, " for a debt or demand other than for necessaries," &c., requires that it shall appear affirmatively to be for other than necessaries, we need not inquire, for it is clearly manifest that this agreed statement was prepared without any reference to this section of the statute; that it was not designed to raise, and does not in fact raise, any question either of " wages for personal labor," or whether " for necessaries," or " for the services of the wife or minor children."

If, therefore, it were in the power of this court to revise the inferences of fact drawn by the court below from the facts stated, we should have no occasion to do so, for, as before stated, they are the natural and reasonable, if not the absolutely necessary inferences.                                        *Judgment affirmed.*