SARAH P. INGALLS & another *vs.* WARREN D. HOBBS.

Suffolk.    March 14, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Lease of Dwelling — Implied Agreement of Fitness for Habitation.*

Where the agreement of record shows that the facts were to be treated by the Superior Court as evidence from which inferences of fact might be drawn, the only "matter of law apparent on the record" which can be considered on an appeal is the question whether the judgment is warranted by the evidence.

One who lets an unfurnished building to be occupied as a dwelling-house does not impliedly agree that it is fit for habitation, but in a lease of a completely furnished dwelling-house for a single season, at a summer watering place, there is an implied agreement that the house is fit for habitation without greater preparation than one hiring it for a short time might reasonably be expected to make in appropriating it to the use for which it was designed.

CONTRACT, to recover five hundred dollars for use and occupation, during the summer of 1890, of a house in Swampscott. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed statement of evidence.

*G. E. Smith,* for the plaintiffs.

*W. F. Dana,* for the defendant.

KNOWLTON, J. This is an action to recover five hundred dollars for the use and occupation of a furnished dwelling-house at Swampscott, during the summer of 1890. It was submitted

to the Superior Court on what is entitled an "agreed statement of evidence," by which it appears that the defendant hired the premises of the plaintiffs for the season, as a furnished house, provided with beds, mattresses, matting, curtains, chairs, tables, kitchen utensils, and other articles, which were apparently in good condition; and that when the defendant took possession it was found to be more or less infested with bugs, so that the defendant contended that it was unfit for habitation, and for that reason gave it up and declined to occupy it.

The agreed statement concludes as follows: "If, under the above circumstances, said house was not fit for occupation as a furnished house, and, being let as such, there was an implied agreement or warranty that the said house and furniture therein should be fit for use and occupation, judgment is to be for the defendant, with costs; if, however, under said circumstances, said house was fit for occupation as a furnished house, or there was no such implied agreement or warranty, judgment is to be for the plaintiffs, in the sum of five hundred dollars ($500), with interest from date of writ, and costs." Judgment was ordered for the defendant, and the plaintiffs appealed to this court.

The agreement of record shows that the facts were to be treated by the Superior Court as evidence from which inferences of fact might be drawn. The only "matter of law apparent on the record," which can be considered on an appeal in a case of this kind, is the question whether the judgment is warranted by the evidence. Pub. Sts. c. 152, § 10. *Charlton* v. *Donnell*, 100 Mass. 229. *Fitzsimmons* v. *Carroll*, 128 Mass. 401. *Old Colony Railroad* v. *Wilder*, 137 Mass. 536. *Mayhew* v. *Durfee*, 138 Mass. 584. *Hecht* v. *Batcheller*, 147 Mass. 335. *Rand* v. *Hanson*, 154 Mass. 87.

The facts agreed warrant a finding that the house was unfit for habitation when it was hired, and we are therefore brought directly to the question whether there was an implied agreement on the part of the plaintiffs that it was in a proper condition for immediate use as a dwelling-house. It is well settled, both in this Commonwealth and in England, that one who lets an unfurnished building to be occupied as a dwelling-house does not impliedly agree that it is fit for habitation. *Dutton* v. *Ger-*

*rish,* 9 Cush. 89. *Foster* v. *Peyser,* 9 Cush. 242. *Stevens* v. *Pierce,* 151 Mass. 207. *Sutton* v. *Temple,* 12 M. & W. 52. *Hart* v. *Windsor,* 12 M. & W. 68. In the absence of fraud or a covenant, the purchaser of real estate, or the hirer of it, for a term however short, takes it as it is, and determines for himself whether it will serve the purpose for which he wants it. He may, and often does, contemplate making extensive repairs upon it to adapt it to his wants. But there are good reasons why a different rule should apply to one who hires a furnished room or a furnished house for a few days or a few weeks or months. Its fitness for immediate use of a particular kind, as indicated by its appointments, is a far more important element entering into the contract than when there is a mere lease of real estate. One who lets for a short term a house provided with all furnishings and appointments for immediate residence may be supposed to contract in reference to a well understood purpose of the hirer to use it as a habitation. An important part of what the hirer pays for is the opportunity to enjoy it without delay, and without the expense of preparing it for use. It is very difficult, and often impossible, for one to determine on inspection whether the house and its appointments are fit for the use for which they are immediately wanted, and the doctrine *caveat emptor,* which is ordinarily applicable to a lessee of real estate, would often work injustice if applied to cases of this kind. It would be unreasonable to hold, under such circumstances, that the landlord does not impliedly agree that what he is letting is a house suitable for occupation in its condition at the time. This distinction between furnished and unfurnished houses, in reference to the construction of contracts for letting them, when there are no express agreements about their condition, has long been recognized in England, where it is held that there is an implied contract that a furnished house, let for a short time, is in proper condition for immediate occupation as a dwelling. *Smith* v. *Marrable,* 11 M. & W. 5. *Wilson* v. *Finch Hatton,* 2 Ex. D. 336. *Manchester Bonded Warehouse Co.* v. *Carr,* 5 C. P. D. 507. *Sutton* v. *Temple, ubi supra. Hart* v. *Windsor, ubi supra. Bird* v. *Lord Greville,* 1 C. & E. 317. *Charsley* v. *Jones,* 53 J. P. 280.

In *Dutton* v. *Gerrish,* 9 Cush. 89, Chief Justice Shaw recog-

nizes the doctrine as applicable to furnished houses; and in *Edwards* v. *McLean*, 122 N. Y. 302, *Smith* v. *Marrable* and *Wilson* v. *Finch Hatton*, cited above, are referred to with approval, although held inapplicable to the question then before the court.   See *Cleves* v. *Willoughby*, 7 Hill, (N. Y.) 83; *Franklin* v. *Brown*, 118 N. Y. 110.

We are of opinion that in a lease of a completely furnished dwelling-house for a single season, at a summer watering place, there is an implied agreement that the house is fit for habitation, without greater preparation than one hiring it for a short time might reasonably be expected to make in appropriating it to the use for which it was designed.      *Judgment affirmed*