D. W. JAMISON, Appellant, v. P. J. ELLSWORTH *et al.*

'Leases: MISREPRESENTATIONS OF LESSOR: *Proximate damages.* Where a landlord induces a party to lease his premises by falsely representing that they are well watered for stock purposes, the lease containing no stipulation and there being no implied warranty with respect to the same, damages resulting from injury to cattle and the expense incurred in creating a water supply are too remote to recover.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

THURSDAY, OCTOBER 24, 1901.

PLAINTIFF leased from defendants a farm from March 1, 1895, to March 1, 1896; the contract containing no stipulation with respect to the water supply. But the petition alleges that defendants represented to plaintiff that it was well watered for stock and domestic purposes, though knowing otherwise, and thereby induced him to rent it, when but for such false representations he would not have done so; that the water supply failed, and defendants refused to furnish water necessary for the large amount of stock owned by plaintiff, to the latter's damage, through injury to said stock, in the sum of $100; and that, to make damages as small as possible, the plaintiff dug a well at an expense of $62.50. These items he seeks to recover. They were stricken out on motion, and then a demurrer to the petition was sustained. The plaintiff appeals from these rulings.—*Affirmed.*

*Bolton, McCoy & Bolton* for appellant.

*B. W. Preston* and *Dan Davis* for appellees.

LADD, J.—The lease contained nothing in relation to the water supply, save that plaintiff was "to keep up the water gap at his own expense," and no claim is made that there was any implied warranty of sufficient water for plaintiff's stock. See *Boyer v. Investment Co.,* 110 Iowa, 491; *Blake v. Dick,* 15 Mont. 236 (38 Pac. Rep. 1072, 48 Am. St. Rep. 671); *Murray v. Albertson,* 50 N. J. Law, 167 (13 Atl. Rep. 394, 7 Am. St. Rep. 787); *Ingalls v. Hobbs,* 156 Mass. 348 (31 N. E. Rep. 286, 16 L. R. A. 51, 32 Am. St. Rep. 460). The action is based solely on the charge that the contract was induced by fraud and deceit, in falsely representing the farm to have an ample water supply for plaintiff's stock. Whether plaintiff inspected the farm, or the defendant concealed its condition in any way, is not disclosed. For the purposes of this case, however the allegations of the petition may be conceded sufficient; and, if the motion to strike all the items of damage therefrom was rightly sustained, the ruling on the demurrer cannot be a subject of complaint. For without these items it was a case, so far as the petition was concerned, of *injuria absque damnum.* If the farm was not as represented, plaintiff was only damaged in the diminished value of its use. The injury to the cattle was too remote, as was also the expense of improvements defendant had not stipulated to make. These propositions are elementary, and, as appellant merely mentions his claims, without citation or argument, no more than their statement is required in the justification of rulings made.— AFFIRMED.