CATHERINE KEARNS *vs.* SOUTH MIDDLESEX STREET
RAILWAY COMPANY.

ANDREW J. KEARNS *vs.* SAME.

Middlesex. January 17, 1902. — June 18, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Practice, Civil*, Rulings. *Street Railway. Nuisance. Evidence*, Circumstantial, of negligence.

If a declaration contains three counts on one of which the plaintiff is not entitled to recover, and the defendant asks for no separate ruling on that count but asks for a general ruling that upon the evidence the plaintiff is not entitled to recover, the ruling should be refused if upon the evidence the plaintiff is entitled to go to the jury on either of the other counts.

In an action against a street railway company for injuries caused by an excavation in a highway between the tracks of the defendant, alleged to have been made and maintained by the defendant in the repair of its tracks contrary to the duty imposed by St. 1898, c. 578, § 11, with a count at common law for creating and maintaining a dangerous excavation in the highway, there was no testimony that any workman of the defendant was seen to make the excavation or that it was ordered to be made by any one in the defendant's service, but it appeared,

that before the ditch was made water ran from a point near the north rail to a switch of the defendant near by, carrying sand and gravel into the switch and impeding its operation, that the excavation started at the north rail and went toward the south rail connecting with a gutter beyond it, that it gradually deepened in its course from the north rail and presented the appearance of having been made by digging and not of having been washed out, and that while it was there employees of the defendant were at work upon the track replacing old ties with new ones within a few yards of the excavation. The defendant, although it introduced evidence, made no attempt to show that it did not cause the excavation to be made or by whom it was made, except by cross-examining one of the plaintiff's witnesses in regard to a hydrant near the excavation that had been repaired several weeks before the accident. *Held,* that this evidence justified a finding that the defendant made and maintained the excavation for its own purposes, and that there was evidence to go to the jury of the defendant's liability both under the statute and at common law.

Two ACTIONS OF TORT, one by a married woman for personal injuries, the other by her husband for loss of her services and for expenses of nursing and medical attendance. Writs dated June 4, 1900.

In each declaration, the first count alleged, that the defendant was by law bound to keep in repair that portion of the highway lying between its tracks and negligently allowed that portion of the highway to be out of repair, whereby the injuries were caused and the damage suffered. Each second count alleged, that the defendant negligently prosecuted its work during the construction, alteration, extension, repair or renewal of its railway, and while replacing the surface of the street disturbed by such work, and by such negligence and misconduct produced and allowed to remain in the highway a deep excavation dangerous to travellers. Each third count alleged, that the defendant negligently and improperly created and caused or permitted to be maintained upon the highway a deep excavation dangerous to travellers thereon.

At the trial in the Superior Court before *Sherman, J.,* the jury returned a verdict for the plaintiff in each case, in the first case in the sum of $1,000 and in the second case in the sum of $450, and also made the following special finding: " Was the alleged defect, between the track, made by the defendant's servants while in the construction, alteration or repair of its railroad ? Answer. Yes."

The defendant alleged exceptions, which are explained by the court.

*N. S. Myrick & J. A. Brackett,* for the defendant.
*G. L. Mayberry & J. J. Scott,* for the plaintiffs.

BARKER, J.    In each declaration there were three counts, and each verdict was a general one and may have been rendered upon either count.    Without so deciding, we assume in favor of the defendant that upon the evidence neither plaintiff could recover upon the first count of his or her declaration.    But no request was made for a separate ruling upon those counts.    The three requests of the defendant were for general rulings that upon the evidence the plaintiffs were not entitled to recover; that under the provisions of St. 1898, c. 578, they could not recover, and that the actions should have been brought against the town and not against the defendant.    Assuming in favor of the defendant that an exception was taken to the refusal to give these three requests and was intended to be saved by the bill, it must be overruled if upon the evidence the plaintiffs were entitled to go to the jury upon the second or the third counts. The distinctive allegation of the second counts is that the defendant in the repair of its railway negligently produced and allowed to remain in the highway a deep excavation dangerous to travellers.    This count is founded upon the liability imposed upon street railway companies by the provisions of St. 1898, c. 578, § 11.    That section requires the company to replace surface material disturbed by it in the making of repairs and to restore the street to as good condition as existed at the time of such disturbance, and makes the company liable for any loss or injury suffered by any person in the repair of its railway or while replacing the surface of any street so disturbed and resulting from the carelessness, neglect or misconduct of its agents or servants engaged in the work.

The third counts proceed upon the common law liability of any person who creates and maintains a dangerous excavation in a public way, and they allege that the defendant negligently created and caused or permitted to be maintained a deep excavation in the highway dangerous to travellers.

Although the evidence would not justify a verdict upon the first counts, the three requests were refused rightly if the evidence would justify a finding that the defendant made the excavation in the repair of its railway as alleged in the second counts,

or created the excavation and caused it to be maintained as alleged in the third counts. Although there was no testimony that any workman of the defendant was seen to make the excavation, nor that it was ordered to be made by any one in the defendant's service, we think the evidence justified a finding that the excavation was made and maintained by the defendant, and in the repair of its tracks.

It was in evidence that before the excavation was made water ran down near the north rail to a railway switch near by. The natural tendency of water so running would be to carry sand and gravel into the switch and impede its operation. The excavation started at the north rail and went towards and under the south rail and connected with a gutter beyond the south rail. It deepened gradually in its course from the north rail and it had the appearance of having been made by digging and not of having been washed out. While it was there employees of the defendant were at work upon the track replacing old ties with new ones within a few yards of the excavation. This would justify the inference that the excavation had been made for the purpose of diverting a flow of water from the defendant's switch, and as that would be serviceable to the defendant and to no one else that it was made by the party whose interest it would serve. Besides this the defendant although it introduced evidence made no attempt to show that it did not cause the excavation to be made, or by whom it was made, except to show by the cross-examination of one of the plaintiffs' witnesses that there was a hydrant south of the track near the excavation and that the hydrant had been repaired several weeks before the accident. It is matter of common knowledge that the motormen and conductors of a railway company, if no others of its servants, pass over and have the opportunity to observe its tracks daily. In the absence of any evidence introduced on the part of the company the evidence justified a finding that the company made and maintained the excavation for its own purposes. For this reason the three instructions stated were rightly refused.

The same considerations dispose of the refusal to rule that there was no evidence on which the plaintiffs could go to the jury upon the third count, and to the submission to the jury of the question, answered by them in the affirmative, whether the

alleged defect between the rails was made by the defendant's servants while in the construction, alteration or repair of its railway.

*Exceptions overruled.*