ELIZABETH BOLIEAU *vs.* EVA V. TRAISER.
SAME *vs.* WELLINGTON H. PRATT.

Middlesex.    March 12, 1925. — September 19, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Defective condition of premises.

In this Commonwealth, in the ordinary letting of real estate, except in the case of a letting of premises wholly furnished for the purpose of habitation and except where there is an express contract by the landlord relating to repairs or fraud or misrepresentation on his part, there is no implied undertaking by the landlord that the premises are fit for occupancy, and there is no liability on his part for injury which results from a defective condition of the premises of which he and those who acted for him in the letting were ignorant: with the exceptions above stated, there is no obligation on him to examine and inform himself of the condition of the premises before leasing them.

The exception above stated, which arises upon a letting of premises wholly furnished for habitation, does not apply to a letting of such premises which were only partly furnished and where a very considerable part of the furnishing was supplied by the tenant.

TWO ACTIONS OF TORT for personal injuries suffered by the plaintiff when a tenant of premises numbered 5 Alexander Street in Framingham. Writs dated February 9, 1922, and January 17, 1924.

In the Superior Court, the actions were tried together before *Lawton*, J. Material evidence is described in the opinion. In each action a motion that a verdict be entered for the defendant was denied, and the jury found for the plaintiff in the sum of $750. Upon the returning but before the recording of the verdicts, the judge reserved leave "in each case to enter a verdict for the defendant if upon exceptions taken or the questions of law reserved this court or the Supreme Judicial Court should decide that such verdict for the defendant should have been entered." The actions then were reported to this court for determination on the terms described in the opinion.

*W. R. Bigelow*, for the defendants.

*J. F. Daly*, for the plaintiff.

WAIT, J. The plaintiff claims that she was injured owing to the defective condition of the floor of a closet opening from one of two rooms which she was occupying as tenant under an oral lease. She brings two actions. In one, as amended, she alleges that she was a tenant of defendant Traiser and was injured by a defect in the premises existing at the time of the letting which was not discovered by her before her injury but which was known or should have been known to the defendant, her servants or agents; and that no notice thereof was given to the plaintiff. In the other, against Pratt, she alleges that she was tenant of Pratt, and makes the same allegations of injury, defect, lack of knowledge on her part, and knowledge and failure to notify on the part of the defendant.

The second action was brought nearly two years after the first, which, originally, was against both these defendants; but they were tried together before a jury in the Superior

Court which returned verdicts for the plaintiff in the same amount in each case. They are before us upon a report by the trial judge which sets out all the material evidence, and a stipulation that if "either or both cases were properly submitted to the jury, the verdict or verdicts shall stand; if either or both cases were improperly submitted to the jury judgment shall be entered for one or both defendants as the cases may require."

The undisputed evidence showed that Mrs. Traiser was the holder of the reversion in the premises, and Pratt the holder of a life estate; and that the negotiations for the letting were wholly with a third person who claimed to hold by an oral lease from Pratt and to have acted for herself in letting the rooms to the plaintiff. There was no evidence to show that Mrs. Traiser and Pratt were acting together in control of the property. One or the other or neither, could have been found to be in control of the premises, but not both.

This, however, does not control our determination; for the stipulation presents the question whether either or both cases were for the jury, not whether the jury's action can be sustained.

It is established firmly as the law of Massachusetts that in the ordinary letting of real estate there is no implied undertaking by the lessor that the premises are fit for occupancy, and there is no liability on the lessor for injury which results from a defective condition of the premises of which he and those who act for him in the letting are ignorant. There is no obligation on the lessor to examine and inform himself of the condition of the premises before leasing them. The law is clearly and forcibly stated with sufficient citation of authority in *Stumpf* v. *Leland*, 242 Mass. 168.

The declarations are drawn in full recognition of the law as there stated. They allege that the defect existed at the time of the letting and that the lessor or those acting for him or her knew then of the defect. The evidence, however, as matter of law, does not support the allegations. There is no evidence that any one knew of the defect, if there was one, at the time of the letting. The plaintiff and all the witnesses who touch this point, declare that they saw the floor of the

closet at that time and that it seemed sound.   The plaintiff
testified that she went into the closet six and seven times a
day, and walked over the board; that nothing about it
attracted her attention and "There wasn't anything to see
but what it was all right; it showed all right."

The accident occurred July 27, 1920, nearly four months
after the plaintiff entered, and the jury would not be justified,
if they disbelieved all that was testified, in inferring the
existence of the defect at the time of the letting.   There was
no testimony on which such an inference could be based.
The mere fact that the house was thirty years or more old
would not justify the inference that the floor was then de-
fective, or that the lessor knew of the defect.   If it is sug-
gested that the lessor or those who acted for the lessor ought
to have known of the defect, and that the declaration sets
out this duty to know, the answer is that such is not the law,
and that the declaration is too broad in this respect.   *Stumpf*
v. *Leland,* already cited, quotes from *O'Malley* v. *Twenty-Five
Associates,* 178 Mass. 555, and shows that no such duty to
know is imposed by the law.   The jury could not be allowed
to act on any different view of the law.

This would dispose of the cases were it not for an exception
to the principles just stated.

The law of Massachusetts recognizes that in a lease of a
furnished house, in some cases, there is an implied condition
that the premises are fit for habitation.   The case of *Ingalls*
v. *Hobbs,* 156 Mass. 348, generally cited as an authority for
this exception, limited the decision very carefully to its
particular facts.   We assume the law to be as stated above.
The exception, however, is not to be extended to the letting
of premises which are only partially furnished.   The implied
condition that the premises are fit for habitation is based
upon an inference that the lessee intends immediately to
occupy the premises as they stand.   *Ingalls* v. *Hobbs, supra.*
Such an inference is not justified where action on the part of
the lessee is necessary before they will be fit for immediate
occupation.   The reason for the exception fails.   See
*Chester* v. *Powell,* 52 L. T. (N. S.) 722.   Moreover, the
condition is implied only with regard to the state of the

premises at the beginning of the tenancy and does not cover defects which arise later. *Sarson* v. *Roberts,* [1895] 2 Q. B. 395. *Chester* v. *Powell, supra.*

The plaintiff contends that her case comes within the exception. The matter is important in view of the stipulation of the report; because if there was an implied condition of fitness, an obligation to examine and inform himself in regard to the state of the premises at the moment of letting rested upon the landlord, and the allegation in the declarations that the landlord ought to have known of the defect became proper and material, since a jury which could not find that the landlord had knowledge of a defect might be justified in finding that he should have had knowledge, and a question for the jury might have been presented on the evidence.

We are unable to agree with her. The evidence goes no further than to justify a finding that some furnishing was leased with the rooms. There is no dispute that a very considerable part was supplied by the tenant. Upon the evidence, the jury could not find the lease of two completely furnished rooms. The judge should have ruled that the cases do not fall within the exception which, under *Ingalls* v. *Hobbs,* we recognize to the general rule that no warranty of fitness is implied. The plaintiff was not entitled to go to the jury on this question. *Mercier* v. *Union Street Railway,* 230 Mass. 397.

As matter of law upon the evidence taken most favorably for the plaintiff she did not make out a case against either defendant, and, under the terms of the report, the order must be in each of the cases,

*Judgment for the defendant.*