BARBARA ACKAREY & another *vs.* JOSEPH CARBONARO.

Essex.   October 9, 1946. — December 16, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Seasonal letting of furnished dwelling. *Contract,* Implied. *Warranty. Damages,* For breach of contract, Consequential. *Pleading, Civil,* Declaration.

A child of a tenant of a dwelling house could not recover in tort from the landlord for personal injuries resulting from a concealed defective condition of a piazza railing existing at the time of the letting but not known to the landlord.

Under G. L. (Ter. Ed.) c. 231, § 7, Sixth, as appearing in St. 1939, c. 67, § 1, a count in contract was properly included in a declaration with counts in tort based on the same matter, although the writ described the action as being in tort.

A landlord, who rented a furnished beach cottage for a week in the summer, impliedly warranted to the tenant that the cottage and its appointments were fit for his immediate occupancy, and was liable to the tenant in either contract or tort for damage sustained by the tenant through a breach of such warranty consisting of a concealed defective condition of a piazza railing existing at the time of letting and not known to the landlord.

Medical expense paid by a father as a result of personal injuries to his minor child through a defective condition of a piazza railing of a beach cottage let furnished to the father for a week in the summer might be considered on the issue of the damages sustained by the father through breach of the implied warranty by the landlord that the cottage was fit for immediate occupancy.

TORT. Writ in the Superior Court dated July 22, 1944.

The action was originally brought by Barbara Ackarey, and the declaration originally contained two counts. Her father, Peter M. Ackarey, was subsequently admitted as a

plaintiff, and a third count and a fourth count were added to the declaration.

The case was tried before *Hammond,* J., who ordered a verdict for the defendant on each count. The plaintiffs alleged exceptions.

In this court the case was submitted on briefs.

*J. J. Fox, Jr.,* for the plaintiffs.

*A. X. Dooley,* for the defendant.

WILKINS, J. The minor plaintiff (hereinafter called the plaintiff) was hurt by a fall due to a defective piazza railing of a summer dwelling owned by the defendant and rented furnished to the plaintiff's father. In this action of tort the declaration is in four counts. Counts 1 and 2 seek damages for the plaintiff's injuries. Counts 3 and 4 are by her father for consequential damages. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. All four counts allege the defendant's ownership, the letting of the furnished house to the plaintiff's father for a period of one week, and the plaintiff's injuries. Counts 1 and 2 allege that the "railing gave way because of its defective condition and the defective and unsafe way in which it was held in place; that such defective conditions existed at the time of the letting . . . [and] were not known to her before her injuries." Count 1 contains an allegation that the defect "should have been known to the defendant." Count 2 contains an allegation that "the defendant negligently suffered such defective conditions to exist at the beginning of and during her father's tenancy." Count 4 is analogous to count 1. Count 3 is substantially the same as count 4, but omits the allegation that the defect should have been known to the defendant. At the trial the parties agreed that count 3 sounds in contract, and that the other three counts sound in tort. The judge allowed the defendant's motion to direct a verdict in his favor on each count, and the plaintiffs excepted.

The jury could have found these facts: The defendant owned a double cottage at Salisbury Beach, which was furnished. He rented the southerly half of the cottage to the plaintiff's father for one week beginning August 21, 1943.

On the southerly side there was a first floor piazza with a one-piece wooden railing which was nailed at one end to the cottage and at the other end to a post. On August 25 the plaintiff, aged eleven, was watching for the iceman. When she put her hands on the railing "to lean over, it broke and she fell." The railing was rotted on both ends and pulled away from the nails where it was fastened to the post. When a witness "touched the post-end of the railing, the other end . . . still held to the house fell off." The defendant testified that at the time of the letting the railing "appeared to be in good condition," and similar testimony was given by witnesses called by the plaintiff. There was no evidence to the contrary.

1. There was no error in the direction of the verdicts on the plaintiff's counts 1 and 2, which are in tort. The general rule is that the landlord is not liable to the tenant for defects in the premises existing at the time of the letting unless they are hidden defects of which he is aware and does not warn the tenant. *Stumpf* v. *Leland,* 242 Mass. 168, 171. *Condon* v. *Winn,* 252 Mass. 146, 148. *Pittsley* v. *Acushnet Saw Mills Co.* 299 Mass. 252, 254. *Hacker* v. *Nitschke,* 310 Mass. 754, 756. The evidence did not permit a finding that the defendant knew of the defective condition of the railing. *Zarrillo* v. *Stone,* 317 Mass. 510, 512. The defendant had no duty of inspection and no "consequent liability for negligent performance of such inspection." *Stumpf* v. *Leland,* 242 Mass. 168, 171.

Certain cases relied upon by the plaintiff have no pertinency. In *Domenicis* v. *Fleisher,* 195 Mass. 281, the defect was in a portion of the building over which the landlord retained control. In *Nash* v. *Webber,* 204 Mass. 419, and in *Crowe* v. *Bixby,* 237 Mass. 249, there was evidence of express undertakings to repair by the landlord.

2. We think that there was error in the direction of a verdict on count 3, which is by the plaintiff's father, the actual tenant. Count 3 is a sufficient count in contract, and was properly added even though the writ still described the action as in tort. G. L. (Ter. Ed.) c. 231, § 7, Sixth, as amended by St. 1939, c. 67, § 1. *Hacker* v. *Nitschke,*

310 Mass. 754, 757.   This count falls within the principle of
*Ingalls* v. *Hobbs*, 156 Mass. 348, which holds that "one,
who lets for a short term of a few days, weeks, or months
a fully furnished house supposedly equipped for immediate
occupancy as a dwelling without the necessity of any fitting
up or furnishing by the tenant, impliedly agrees that the
house and its appointments are suitable for occupation in
their condition at the time."   *Hacker* v. *Nitsche*, 310 Mass.
754, 756.   The limitation urged by the defendant that this
principle does not extend to "the structural condition of the
house" has not been adopted in our decisions.   Any such
qualification would be at variance with the stated basis for
the principle, namely, that the tenant pays for the oppor-
tunity to enjoy the house without delay, and without the
expense of preparing it for use.   *Ingalls* v. *Hobbs*, 156 Mass.
348, 350.   See *Bolieau* v. *Traiser*, 253 Mass. 346, 349;
*Chelefou* v. *Springfield Institution for Savings*, 297 Mass.
236, 239.   The medical expenses which the plaintiff's father
testified he paid as a result of her injuries could be con-
sidered by the jury on the question of damages arising
from breach of the implied agreement.   *Sherlag* v. *Kelley*,
200 Mass. 232, 235, 236.   *Paradis* v. *A. L. Nichols Co.*
299 Mass. 364, 366.   *Pearl* v. *Wm. Filene's Sons Co.* 317
Mass. 529, 531.   The defendant's contention that under
the rule in *Thibeault* v. *Poole*, 283 Mass. 480, 485, the plain-
tiff's father cannot recover consequential damages, because
the plaintiff herself cannot recover, was expressly rejected
in *Paradis* v. *A. L. Nichols Co.* 299 Mass. 364, 366.

3. We think that there also was error in the allowance
of the motion for a directed verdict on count 4.   This
count in tort sufficiently alleges a breach of an implied war-
ranty that the house and its appointments were fit for im-
mediate occupancy.   "An action of tort, as well as an action
of contract, may be maintained upon a false warranty."
*Schuler* v. *Union News Co.* 295 Mass. 350, 353, and cases
cited.   *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529, 531.

It follows that the exceptions of the plaintiff Barbara
Ackarey must be overruled and those of the plaintiff Peter
M. Ackarey must be sustained.    *So ordered.*