ESTHER L. GADE vs. NATIONAL CREAMERY COMPANY
(and two companion cases [1]).

Middlesex.    January 4, 1949. — July 5, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Landlord and Tenant,* Waste, Tenant's liability to landlord, Landlord's
   liability to tenant or his family or his invitee, Warranty of fitness.
   *Warranty. Practice, Civil,* Ordering verdict.

A tenant at will of a refrigerator room might be held liable to his landlord
   for voluntary waste on evidence warranting a finding that the floor
   of the room collapsed and the building was injured because, without
   the knowledge of the landlord, the tenant improperly and unreasonably
   overloaded the floor with a large number of heavy barrels and accumu-
   lated ice on refrigerator pipes.
A general motion for a directed verdict for the defendant in an action
   with a declaration containing more than one count was properly denied
   where the evidence warranted a verdict for the plaintiff on one of the
   counts.
There was no implied warranty by a landlord to his tenant of the struc-
   tural fitness of a room rented at will for commercial refrigeration
   purposes.

THREE ACTIONS OF CONTRACT OR TORT.    Writs in the
Superior Court dated June 6, 1945, July 27, 1945, and
July 23, 1945, respectively.

The cases were tried before *Collins,* J.

In this court the cases were submitted on briefs.

*G. A. McLaughlin, W. H. McLaughlin, & C. S. McLaugh-
lin,* for National Creamery Company.

*T. H. Mahony, W. M. Levis, & J. A. MacDonald, Jr.,*
for Gade.

*J. H. Wolfson & K. T. Temple,* for the Weiners.

WILLIAMS, J.    These are three actions of contract or tort
for property damage arising from the collapse on May 8,
1945, of the first floor of the building numbered 5 and 6

---

[1] The companion cases are by National Creamery Company against Esther
L. Gade, and against Harry Weiner and Alice H. Weiner.

Fulton Place, Boston. This floor was equipped as a refrigerator room, thirty-seven feet by twenty feet in area and nine feet in height, and was supplied with the necessary brine from pipes of the Quincy Market Cold Storage and Warehouse Company. The floor of the room was of wood planking supported by timbers thirteen inches by twelve inches, placed ten inches apart. Although the building was about one hundred fifty years old, it did not appear how long the first floor had been fitted up for refrigeration. The property had been purchased by the defendants Harry Weiner and his wife Alice H. Weiner in 1942, and the first floor was rented by them to the National Creamery Company, a corporation, as tenant at will, in 1944, to be used for the storage of pickled herring in barrels. Four hundred fifteen barrels, each weighing from three hundred thirty to three hundred forty pounds, were therein put in storage by the creamery company. The barrels were piled on end in two tiers with some twenty-five barrels rolled sidewise on top. Esther L. Gade purchased the premises from the Weiners about April 16, 1945, and the rent, which had been paid in advance for the month of April by the creamery company, was adjusted with Gade by the Weiners. The creamery company was notified of the change in ownership. On May 8, 1945, the floor of this refrigerator room collapsed and many of the three hundred sixty-five barrels which at that time remained in storage fell into the cellar. There was evidence that the floor timbers had become rotted where they joined the walls in the rear of the building. Damage resulted both to the building and to a substantial number of the barrels of herring.

The first action is by Esther L. Gade against the creamery company, her declaration alleging waste in count 1 and negligence in count 3. Count 2 has been waived. A motion of the defendant for a directed verdict was denied. The defendant excepted to the denial and thereafter the jury returned a verdict for the plaintiff.

The question for decision on the first count is whether there was sufficient evidence to warrant the jury in finding

that the property of the plaintiff was damaged by the voluntary improper or unreasonable use of the premises by the defendant. Waste is an "unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which results in its substantial injury." *Delano* v. *Smith*, 206 Mass. 365, 370. A tenant at will is liable for voluntary waste but not for permissive waste. *Chalmers* v. *Smith*, 152 Mass. 561, 564. *Means* v. *Cotton*, 225 Mass. 313, 319. There was evidence that Harry Weiner, who rented the floor to the creamery company, knew the use which the tenant intended to make of the premises and could readily have ascertained the number of barrels actually placed in storage. After the barrels were stored, the defendant, through its agent Hurwitz, procured a lock for the refrigerator room to which Weiner had no key. When Gade purchased the building she was unable to procure a key from Hurwitz before the collapse occurred. It could have been found that, although Gade accepted the creamery company as a tenant at will, she had no accurate knowledge of the number or weight of the barrels in the room occupied by the tenant and did not consent to the continuance in storage of such amount. Hurwitz made no inspection of the floor supports and testified that he had no opinion whether the building "could carry the weight." It could have been found that he necessarily must have realized that the building was old, although having no knowledge of its exact age. There was evidence of a statement made by Hurwitz to the effect that the floor cracked three months before the collapse and that he, Hurwitz, "noticed the crack as the herring came in." There was further evidence that Hurwitz delayed defrosting the refrigerator pipes in the room so that at the time of the collapse there was accumulated ice on the pipes approximately five thousand pounds in weight. There was therefore evidence of overloading which could be found improper and unreasonable, and the judge was right in submitting the case to the jury upon the first count. *Chalmers* v. *Smith*, 152 Mass. 561.

We need not consider whether as a matter of law the case should have been submitted to the jury on the third count for negligence. The defendant's motion for a directed verdict was general, and as the first count was good the motion could not have been allowed. *Kearns* v. *South Middlesex Street Railway*, 181 Mass. 587. *Tinkham* v. *Everson*, 219 Mass. 164. *Gower* v. *Saugus*, 315 Mass. 677. It may be noted, however, that in *Lothrop* v. *Thayer*, 138 Mass. 466, it was decided that a tenant at will is not liable for negligent injury to the rented premises, at least so far as such injury is caused by an omission to safeguard properly a fire used for heating the premises.

The second action is by National Creamery Company against Esther L. Gade for breach of an implied warranty of structural fitness. A second count for negligence in the plaintiff's declaration has been waived. The plaintiff excepted to the direction of a verdict for the defendant. In the ordinary lease of real estate there is no implied warranty that the premises are fit for occupancy or for the particular use contemplated by the lessee. The lessee takes the premises as he finds them. *Dutton* v. *Gerrish*, 9 Cush. 89, 93–94. *Barnett* v. *Clark*, 225 Mass. 185, 188. *Stumpf* v. *Leland*, 242 Mass. 168, 171. *Bolieau* v. *Traiser*, 253 Mass. 346, 348. The plaintiff, however, contends that the present case comes within the exception to the general rule stated in *Ingalls* v. *Hobbs*, 156 Mass. 348, where, in reference to the lease of a completely furnished dwelling house for a single season at a summer watering place, it was held that there was an implied agreement that the house was fit for habitation, without greater preparation than one hiring it for a short time might reasonably be expected to make in appropriating it to the use for which it was designed. The principle of *Ingalls* v. *Hobbs*, although extended to include in the implied agreement the structural condition of the house, *Ackarey* v. *Carbonaro*, 320 Mass. 537, has been recognized as a departure from the general rule, *Hacker* v. *Nitschke*, 310 Mass. 754, and in its application has been limited to factual conditions similar to those on which the

decision was based. *Bolieau* v. *Traiser*, 253 Mass. 346, 349. *Chelefou* v. *Springfield Institution for Savings*, 297 Mass. 236, 239. *Hacker* v. *Nitschke*, 310 Mass. 754, 756. *Ackarey* v. *Carbonaro*, 320 Mass. 537, 540. *Davenport* v. *Squibb*, 320 Mass. 629, 632. The renting of a refrigeration room for commercial purposes and for an indefinite time, although the room was needed by the tenant for immediate occupancy, is not within the *Ingalls* v. *Hobbs* exception. There was no error in directing a verdict for the defendant.

The third action is by National Creamery Company against Harry Weiner and Alice H. Weiner also for breach of implied warranty of structural fitness. In this case also a second count for negligence has been waived. The plaintiff's exceptions are to the direction of a verdict for the defendant Alice H. Weiner at the conclusion of the evidence and the entry of a verdict for the defendant Harry Weiner under leave reserved after a verdict for the plaintiff. For the reasons stated in our discussion of the second action, the judge was right in directing and entering verdicts for the two defendants.

*Exceptions overruled.*