*Municipal Court of the City of Boston*

No. 392579

## JOSEPH F. DOYLE P.P.A.

v.

## JOHN McGRANN

(October 14, 1955 — December 22, 1955)

*Roberts, J.* This is an action of tort in which it is alleged that the plaintiff, a minor, was injured when he, while in the exercise of due care, stepped on a board with a nail sticking out of it and the nail went into his foot. The injury occurred on the immediate grounds of the summer cottage rented to the plaintiff's father by the defendant.

*At the trial* before *Adlow, J.* it was agreed that the defendant rented a furnished summer cottage at Green Harbor, Massachusetts, to the plaintiff's father for the use and occupation thereof by the plaintiff's father and his family, for the period of one week commencing August 8, 1954 and ending August 15, 1954; that the defendant had rented said cottage together with its appurtenances and with the use of the grounds immediately surrounding the said cottage; that the plaintiff's father paid the rental price of $60.00 thereof; that the plaintiff on August 14, 1954, was injured as a result of stepping on a board with a nail sticking out of it; the board was

somewhere on the grounds adjoining the cottage; and that the defendant was the owner and person in control of the said cottage at the time of the renting.

There was evidence from the plaintiff's father and mother that there were "boards lying around the rear of the cottage and on the cottage grounds with nails sticking out of them"; and that on August 14th the plaintiff, a five year old boy, while playing on the grounds stepped on one of the boards and that a nail went into the plaintiff's right foot injuring him.

There was testimony from the defendant that there were boards stored under the cottage and some had nails sticking out of them. The defendant testified that none of them were sticking out from under the cottage or were on the cottage grounds.

The denial by the trial court of the plaintiff's requests raised the single issue argued by the plaintiff, namely, that a finding for the minor plaintiff under these circumstances would be warranted.

The plaintiff argues that these facts bring this plaintiff within the familiar principle of *Ingalls v. Hobbs,* 156 Mass. 348, which holds that "one who lets for a short term of a few days, weeks, or months, a fully furnished house, supposedly equipped for immediate occupancy as a dwelling, without the necessity of any fitting up or furnishing by the tenant, impliedly agrees that the house and its appointments are suitable for occupancy in their condition at the time." *Hacker v. Nitschke,* 310 Mass. 754 at 756.

We cannot agree with the plaintiff's contention. On the evidence reported it is impossible to say whether the condition testified to by the plaintiff's father and mother about boards "lying around the rear of the cottage and on the cottage grounds, with nails sticking out of them" existed at the time of the letting or first occurred on August 14th, the date that the plaintiff is alleged to have met with his accident. Clearly, the warranty that the premises

are fit for occupancy is implied only to the condition of the premises at the commencement of the tenancy "and does not cover defects which arise later." *Bolieau v. Traiser*, 253 Mass. 349-350; *Davenport v. Squibb*, 320 Mass. 629-632.

Further, while the plaintiff argues that the warranty inferred from the letting applies not only to the cottage but to the grounds immediately surrounding, he has brought no authority for this contention to our attention. For that matter, it would appear from the cases that this doctrine will not be extended and will be confined within the narrow limits of the particular facts of the case of *Ingalls v. Hobbs*, 156 Mass. 348; *Hacker v. Nitschke*, 310 Mass. 754 at 756.

The case of *Ackarey v. Carbonaro*, 320 Mass. 537, is not an authority, as urged by the plaintiff, for the proposition that such implied warranties extend to members of the plaintiff's family. To the contrary, the minor plaintiff in that case was denied recovery on the basis that such a warranty, under these circumstances, does not extend beyond the actual tenant.

*Report dismissed.*

David J. Saliba, for the plaintiff.
Francis P. Barrett, for the defendant.