IRVING ZATLOFF vs. ABRAHAM WINKLEMAN et al.
MILDRED ZATLOFF vs. ABRAHAM WINKLEMAN et al.

MARCH 16, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

404

CONDON, C. J. These two actions of trespass on the case for negligence were brought by a husband and wife and arose out of injuries sustained by the wife on the defendants' premises. The cases were tried together by a justice of the superior court, sitting with a jury, and at the conclusion of the plaintiffs' evidence the trial justice granted

the defendants' motion for a nonsuit in each case. The cases are here on each plaintiff's exception to such decision.

On or about July 28, 1957 defendants let to plaintiffs for the month of August 1957 a furnished cottage in the town of Narragansett. On August 29 the plaintiff wife fell on the rear porch and injured her left leg. Describing how the accident happened she testified, "And I just walked out as I normally do every morning and then I walked out on to the porch and there was a sudden drop and I just went down. I didn't know what happened after that until I came to and I saw myself sitting on the porch with one leg in the hole * * *." She also testified that the floor was "a little on the shaky side but nothing to be alarmed" and that she had walked on it every day prior to the accident. Her husband testified that he had walked on it, that it was a good porch, that it had a squeak and would crack a little when walked over, but there was no hole or any defect that he could see.

Lester Katz who occupied the cottage in July 1957 testified that during his tenancy he told Mrs. Winkleman there were two loose boards on the porch and that she did nothing about it so he repaired them himself. He further testified that there was no hole in the porch at that time and when he left the premises the boards were secure. Another witness testified about the condition of the porch when he inspected it sometime in September 1957. There is no need to discuss his testimony, since it does not relate to the observable condition of the porch floor either at the time of the letting or on the date of the accident.

The plaintiffs contend that the trial justice did not view this evidence most favorably to them as he was bound to do on defendants' motions for nonsuit; that if he had done so there would have been a question for the jury as to whether there was a latent defect in the porch floor which was known to defendants; and that he failed to apply the proper law to the evidence, namely, that there is an implied warranty

406

of fitness where a landlord lets furnished premises for immediate occupancy for a short term.

From our examination of the transcript we are of the opinion that the evidence does not submit to any reasonable inference that defendants at the time of the letting knew of a concealed defect in the porch. On the contrary the evidence seems to show that there was some weakness in the floor when plaintiffs walked on it. In the absence of any agreement on the part of defendants to repair, plaintiffs took the premises as they found them and assumed the risk of safe occupancy. That is the well-settled law in this state except where there is a hidden defect of which the landlord had actual knowledge and the tenant had no notice. *Corcione* v. *Ruggieri*, 87 R. I. 182, 139 A.2d 388; *White* v. *Heffernan*, 60 R. I. 363; *Leonick* v. *Manville Jenckes Corp.*, 60 R. I. 247; *Gorski* v. *Consolidated Rendering Co.*, 41 R. I. 339; *Capen* v. *Hall*, 21 R. I. 364. We agree with the trial justice that there was no evidence of such knowledge here.

However, plaintiffs contend that there is a further exception to the rule, namely, that where the letting is of furnished premises for immediate occupancy for a short term there is an implied warranty that they are fit for occupancy. In support of such contention plaintiffs cite the English case of *Smith* v. *Marrable*, 11 M. & W. 5, and several American cases, among which they rely chiefly on *Ackarey* v. *Corbonaro*, 320 Mass. 537, *Ingalls* v. *Hobbs*, 156 Mass. 348, and *Young* v. *Povich*, 121 Me. 141. They concede that the cases at bar are of novel impression in this state, but they strongly urge that this exception to the general rule should have been applied to them by the trial justice since the letting here brings them clearly within its scope.

An examination of the cited cases demonstrates that plaintiffs are mistaken. Such cases have no application to an action of negligence. They merely recognize a right of

recovery for breach of warranty. The instant actions are for tort and not for breach of contract and the cited cases recognize such difference.

In *Ingalls* v. *Hobbs, supra,* the leading Massachusetts case, the action was for breach of contract and the recovery which was granted was for the rent which had been paid in advance of the letting. The declaration in *Ackarey* v. *Corbonaro, supra,* was in four counts, three of which sounded in tort and one in contract. The trial court directed a verdict for the defendant on all counts. The supreme court sustained that court on two of the counts in tort and said the general rule applied to tort actions, but reversed it as to the other tort count and the count in contract, holding that the exception to the general rule was applicable. The court pointed out that under a statute of that state it was permissible to join counts in tort with one in contract and it also said that under Massachusetts practice an action of tort may be based upon a false warranty. In this state there is no implied warranty that premises are fit for occupancy. *Whitehead* v. *Comstock & Co.,* 25 R. I. 423, 425. The Maine case of *Young* v. *Povich, supra,* was an action for money had and received and following *Ingalls* v. *Hobbs, supra,* the court allowed recovery for breach of the implied warranty.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Zucker & Winsten, Harold H. Winsten,* for plaintiffs.

*Temkin & Temkin, Samuel Temkin, McGee & Doorley, Frank J. McGee,* for defendants.