JENNIE E. LEGERE & another *vs.* GEORGE A. ASSELTA
& another.

Worcester.   February 6, 1961. — March 6, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Landlord and Tenant,* Seasonal letting of furnished dwelling, Landlord's
liability to tenant or one having his rights.

A finding of breach of an implied warranty by one renting a furnished
bungalow for three months commencing October 1 that it was fit for
immediate use and occupancy was not warranted by evidence showing
merely that the bungalow obviously had a slightly slanted roof without
gutters, and that late in December the tenant slipped and fell on ice
created on outside steps from rain dripping from the roof.

TORT.   Writ in the Superior Court dated June 30, 1953.
The action was tried before *Meagher, J.*

*Alexander C. Eggleston,* for the plaintiffs.

*Thomas B. Shea,* for the defendants.

KIRK, J.   The plaintiff Jennie E. Legere (hereinafter
called the plaintiff) was injured December 28, 1952, when
she slipped and fell on an accumulation of ice on the steps
of a furnished four room bungalow at Lakefront Whalom,
in Lunenberg, which she had rented from the defendants
for a period of three months commencing October 1, 1952.
All counts in tort were discontinued.   She alleges a breach
of warranty of fitness for immediate use and occupancy.
Her husband seeks consequential damages.   The judge
directed verdicts for the defendants (husband and wife) at
the close of the plaintiff's evidence.   The case is before us
on exceptions to this action by the judge.

The plaintiff relies upon the principle stated in *Ingalls* v.
*Hobbs,* 156 Mass. 348, where recovery in contract was per-
mitted because a furnished cottage rented for the summer
season for immediate use was infested with bugs when the
plaintiff took possession.   In that case Knowlton, J., care-
fully defined the limits of the exception which it made to the

doctrine of caveat emptor which is ordinarily applicable to a lessee of real estate. *Bolieau* v. *Traiser,* 253 Mass. 346, 348, citing *Stumpf* v. *Leland,* 242 Mass. 168. In *Hacker* v. *Nitschke,* 310 Mass. 754, at page 756, this court said " [*Ingalls* v. *Hobbs*] is a departure from the general rule and should be confined within narrow limits." Within those narrow limits, the implied condition is that the premises are fit for habitation. This implied condition is based upon the inference that the lessee intends immediately to occupy the premises as they stand. Moreover, the condition is implied only with regard to the state of the premises at the beginning of the tenancy and does not cover defects which arise later. *Bolieau* v. *Traiser,* 253 Mass. 346, 349–350.

With these considerations in mind, it is obvious that the plaintiff has no case. It is clear from the evidence that the plaintiff had looked the house over carefully before renting it. It is equally clear that the cause of the plaintiff's injury was a slip and fall on ice, which had formed after rain had dripped from the slightly slanted roof of the bungalow to the ground and to the outside step and frozen there. There were no troughs or gutters around the eaves of the roof to catch rainwater. It is a matter of common knowledge that the type of roof described is one which is frequently used in small dwellings, especially in rural areas. This is no defect. In any event even the most casual observation would reveal the type of construction. Cf. *Hacker* v. *Nitschke,* 310 Mass. 754, 756. The house was fit for habitation when the plaintiff took possession. That is the extent of the defendants' warranty. It cannot be extended to mean that nothing will happen to the lessee even if the forces of nature operate seasonally in their usual way, such as converting water to ice.

*Exceptions overruled.*