*Northern District*

No. 5960

**HAZEL A. HOLMES**

v.

**EMMA FALL SCHOFIELD ET ALS, TRUSTEES**

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Dewey, J.* in the First District Court of Eastern Middlesex. No. 1083 of 1963.

Filed January 20, 1965

*Connolly, J.* The plaintiff was a tenant at will of a furnished apartment owned or controlled by the defendants. She alleges in Count #2 of her declaration that because the premises were let to her as a furnished apartment, there was an implied warranty that they were fit for the purpose intended. She further alleges that the premises were in fact unsafe and because of this unsafe condition, she was caused to fall and be injured.

The court made the following special findings of fact:

1. The plaintiff was shown by Mrs. Walter D. Dunn a vacant three room furnished apartment with bath, in the process of being renovated at 32 Evelyn Road, Malden, Mass. owned by the Fall Realty Trust, the entrance from the street to the same being over a flight of stairs to a porch adjacent to the apartment, the said entrance way being for this apartment only.

2. The plaintiff rented said furnished apartment in the middle of June 1962 and became a tenant at will.

3. The plaintiff while in the exercise of due care on or about September 15, 1962 at about 8:30 P.M. was coming home after shopping at a grocery store with a bundle in each arm and after going over the stairs to the apartment and upon reaching the porch and taking about one step, her heel went through one of the floor boards of the porch causing her to fall headlong onto the floor of the porch and to sustain personal injuries.

4. The plaintiff saw no holes in the porch floor prior to her heel going through the said floor although the floor was old and splintery and there was a depression between two of the floor boards.

5. The porch floor was in a defective condition at the time of the injury.

6. An ordinary examination of the rented premises by the plaintiff would fail to reveal such defect.

7. When the apartment was rented, the platform of the porch was defective and unfit for use in the manner in which it was designed to be used, because of the danger of the depression between two of the boards and the old and splintery condition of the platform of said porch, and while the plaintiff was properly using the porch in the manner in which it was obviously intended to be used, she was injured in consequence of the defect.

8. The defendant in the exercise of reasonable care should have discovered the defect prior to the tenancy of the plaintiff and have repaired or remedied it.

9. Upon the letting of the furnished apartment for immediate occupancy, an implied agreement arose that the apartment and its appointments were fit for the use for which they were intended; there was a breach of that agreement with respect to the platform of the porch, and the plaintiff suffered injury in consequence of that breach.

The court found for the plaintiff on Count 2 of the declaration. In addition, the court made the following disposition of the defendants' requests for rulings:

Requests 1 and 3 Denied for the reason that the plaintiff waived Count 1 of

her declaration which was for negligence. (Being a furnished apartment, the rights of the plaintiff did not depend upon proof of any negligence of the defendant. *Hacker v. Nitschke,* 310 Mass. 754).

Requests 2-4-5-6-7-8 immaterial because of my findings.

Request for ruling ♯4 of the defendant is as follows:

As a matter of law, the defendants breached no legal duty owed by them to the plaintiff.

This request should have been allowed and the refusal to allow it was prejudicial error.

Commonly, a landlord is not liable to his tenant for defects existing in the premises and their appurtenance when he lets them unless they are hidden defects and the landlord knows of their existence and fails to warn the tenant. *Hacker v. Nitschke,* 310 Mass. 754, 756.

In this case, the court did not find that the defendants knew of the defect.

The plaintiff, however, contends that the present case comes within the exception to the general rule stated in *Ingalls v. Hobbs,* 156 Mass. 348 where, in reference to the lease of a completely furnished dwelling-house for a single season at a summer watering place, it was held that there was an implied agreement that the house was fit for habitation without greater preparation then one hiring it for a short time might reasonably be expected to make in appropriating it to the use for which it was designed.

This principle has been recognized as a departure from the general rule, *Hacker v. Nitschke,* 310 Mass. 754, and in its application has been limited to factual conditions similar to those on which the decision was based. *Gade v. National Creamery Co.,* 324 Mass. 515; *Legere v. Asselta,* 342 Mass. 178.

The case at bar does not fall within the principle of *Ingalls v. Hobbs* for there is at least one important factual distinction between the two cases, namely, in the term of letting. In the *Ingalls* case and all those that follow it, the premises were let for a short time. In the case at bar, the tenancy was at will. Without the short time factor, the reasoning in the *Ingalls* case does not apply.

We think that as a matter of law, the facts as reported in this case required a finding for the defendant.

The finding for the plaintiff is vacated and a finding ordered for the defendant.

Richard M. Zalinski, of Malden, for the Plaintiff.

Badger, Parrish, Sullivan & Frederick, of Boston, for the Defendant.