FRED BOOTHMAN *vs.* HELEN LUX.

Plymouth.    May 6, 1965. — June 24, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Landlord and Tenant,* Rooming accommodations, Landlord's liability to
    tenant or one having his rights.

In an action against the owner of a rooming house, by a renter for one
    night of a fully furnished bedroom on the second floor, for personal
    injuries sustained by the plaintiff when he slipped and fell on a piece
    of soap embedded in a crack in linoleum at the top of a stairway in a
    hall adjacent to his room, evidence did not support a finding that there
    had been a demise to the plaintiff of the place of the accident, so that
    the theory of liability of the defendant for breach of an implied war-
    ranty of suitability for immediate occupancy of premises demised for
    a short term was inapplicable.

TORT.    Writ in the Superior Court dated December 5,
1960.

The action was tried before *Tomasello,* J.    There was
a verdict for the plaintiff and the defendant alleged ex-
ceptions.

*Joseph R. Cleary* for the defendant.

*Nathan Richman* for the plaintiff.

SPALDING, J.    This is an action for breach of an implied
warranty of fitness arising out of the renting of a furnished
room by the defendant to the plaintiff.

A summary of the evidence most favorable to the plain-
tiff is as follows: The plaintiff, from time to time when in
the vicinity of Holyoke, had obtained rooming accommoda-
tions, although not always the same room, at the defend-
ant's house, a two and a half story building.    On Au-
gust 13, 1959, between 9 and 9:30 P.M., the plaintiff went to
see the defendant for the purpose of renting a room.    The
defendant showed the plaintiff a fully furnished bedroom
on the second floor and he rented it for the night.    The de-
fendant gave the plaintiff a key to the "downstairs main
door."    There was a landing and hallway area on the sec-

ond floor in which there was a "small kitchenette, that had a cabinet for pots and pans, a linen cabinet, a one burner plate and a refrigerator."

A stairway led from the ground floor to the landing and hallway area on the second floor. The plaintiff's bedroom "was off the hallway, directly across from the top of the . . . stairway." The front of the refrigerator was about five feet from the nearest part of the stairway. There were lighting fixtures at the bottom of the stairway and along the hallway wall adjacent to the plaintiff's bedroom. The entire area of the landing and hallway floor was covered with linoleum. Bathroom facilities "went with the room" and the plaintiff could "use anything he wanted to in the kitchenette"; he had "used the kitchenette facilities on this and previous occasions."

Before retiring for the night, the plaintiff left his bedroom and went to the landing at the top of the stairway to see if the downstairs lights were out. While he was on the landing near the refrigerator, he "slipped and went down the stairs." Before he slipped he "observed that at the top of the stairs the linoleum was cracked, split, with a little edge off it"; the place where he slipped was "near the cracked linoleum." He did not know at the time what he slipped on "but felt a bump there," after which he "went down the stairs." The hallway light, about a foot or two from his room, was on.

About 10:30 on the following morning, while being assisted down the stairs by his son and daughter-in-law, the plaintiff saw a piece of used soap which was lodged in the crack in the linoleum on the landing at the head of the stairs. The soap, which was about the size of an egg, was "white, hard and dry." One half of it appeared on the crack and the other half was underneath the linoleum. "Crumbles of the soap went over the edge of the landing and on[to] the first step." Although its surface was clean, the linoleum was old and worn. At the time the plaintiff was engaging the room he could "see . . . the top of the landing but did not see any soap on the landing"; nor did he look for it.

Boothman *v.* Lux.

At the close of the evidence the defendant presented a motion for a directed verdict, which was denied. The case was submitted to a jury who found for the plaintiff. The case comes here on the defendant's exceptions to the denial of her motion for a directed verdict and to the refusal to give a requested instruction.

This case has been pleaded, tried and argued on the theory that the plaintiff's lodging for one night resulted in a demise. Thus it was assumed that the case presented a question of implied warranty under the rule of *Ingalls* v. *Hobbs,* 156 Mass. 348. There it was held that one, who lets for a short term of a few days, weeks or months a fully furnished house supposedly equipped for immediate occupancy as a dwelling without the necessity of any fitting up or furnishing by the tenant, impliedly agrees that the house and its appointments are suitable for occupation in their condition at the time. To the same effect are *Hacker* v. *Nitschke,* 310 Mass. 754, 756, *Ackarey* v. *Carbonaro,* 320 Mass. 537, and *Legere* v. *Asselta,* 342 Mass. 178. The judge, with the assent of the parties, instructed the jury in accordance with this rule. We therefore will deal with it on the same footing. *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599. *Kagan* v. *Levenson,* 334 Mass. 100, 106. We are not, however, to be understood as deciding that the arrangement with respect to the room amounted to a letting which would make applicable the rule of the *Ingalls* case. See *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229; *Bearse* v. *Fowler,* 347 Mass. 179.

We are of opinion that the case should not have gone to the jury. The evidence would not support a finding that there had been a demise of that portion of the premises on which the accident occurred. This being so, the *Ingalls* rule is inapplicable and the defendant's motion for a directed verdict should have been granted. Because of this disposition of the case, we need not decide whether the piece of soap on the landing was such a defect as to bring the case within the *Ingalls* rule.

*Exceptions sustained.*
*Judgment for defendant.*