RICHARD W. BOWMAN *vs*. REALTY OPERATORS CORPORATION.

Barnstable.    October 9, 1957. — November 13, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Landlord and Tenant*, Seasonal letting of furnished dwelling, Landlord's
liability to tenant or one having his rights.  *Fire.*

A finding of breach of an implied agreement by one renting a furnished
cottage for a summer that it was fit for habitation at the time of the
letting was not warranted by evidence which showed merely the oc-
currence of a fire in the kitchen with resulting damage to property of
the tenant and left the cause of the fire conjectural.

CONTRACT OR TORT.    Writ in the Superior Court dated
August 14, 1953.

Following a verdict for the plaintiff at the trial before
*Beaudreau*, J., the judge entered a verdict for the defendant
under leave reserved.   The plaintiff alleged exceptions.

*Daniel J. Fern*, for the plaintiff.

*William K. Mone*, for the defendant.

WILLIAMS, J.    The plaintiff and his wife, with another
family, jointly rented a furnished cottage from the de-
fendant in Mashpee for the summer of 1953.   The time of
renting and the length of the plaintiff's occupancy do not
appear.    On June 20 there was a fire in the kitchen and
property of the plaintiff was damaged to the extent of
$993.63.    In this action the plaintiff seeks to hold the de-
fendant liable on the theory of a breach of an implied agree-
ment that the cottage was fit for habitation.  See *Dutton* v.
*Gerrish*, 9 Cush. 89, 94; *Ingalls* v. *Hobbs*, 156 Mass. 348,
351; *Hacker* v. *Nitschke*, 310 Mass. 754, 756–757; *Ackarey*
v. *Carbonaro*, 320 Mass. 537, 540.

The kitchen where it could be found that the fire orig-
inated was equipped with a gas stove and an electric re-
frigerator.   The gas stove had been used on the morning

of the fire but at the time it started the stove was not in use. The cause of the fire was conjectural. The evidence of the fire itself did not warrant an inference that it was caused by some defect in the premises, particularly in the stove or refrigerator, which existed at the time of the letting. *Bolieau* v. *Traiser*, 253 Mass. 346, 349–350. *Davenport* v. *Squibb*, 320 Mass. 629, 632–633. *Wardwell* v. *George H. Taylor Co.* 333 Mass. 302, 304–305, and cases cited. There was no error in the entry of a verdict for the defendant under leave reserved.

*Exceptions overruled.*